# EXHIBIT B

COPY

Original Filed

AUG 1 8 2021

TIMOTHY W. FITZGERALD
SPOKANE COUNTY CLERK

**IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SPOKANE**

| | |
|---|---|
| RICHARD MAYER, a single person, | Case No. 21202311-32 |
| Plaintiff, | |
| vs. | **SUMMONS (20 days)** |
| STATE OF WASHINGTON, WASHINGTON STATE DEPARTMENT OF CORRECTIONS, AIRWAY HEIGHTS CORRCTIONS CENTER, CITY OF AIRWAY HEIGHTS, ALBERT TRIPP City Manager of CITY OF AIRWAY HEIGHTS, CORRECTION OFFICER JARED BEERBAHN, SUPERINTENDENT JAMES R. KEY, SANDRA A. (THOMPSON) CONNER Advanced Registered Nurse Practitioner of AIRWAY HEIGTHS CORRECTIONS CENTER, DEBORAH TONHOFER MD, STEVEN HAMMOND Chief Medical Officer for WASHINGTON STATE DEPARMENT OF CORRECTIONS, RUSTY SMITH Head of Medical for AIRWAY HEIGHTS CORRECTIONS CENTER, JOHN/JANE DOE 1 Employee of CITY OF AIRWAY HEIGHTS, and JOHN/JANE DOES 2-10, | |
| Defendants. | |

SUMMONS

1

**PHELPS & ASSOCIATES, P.S.**
2903 N. Stout Road
Spokane, WA 99206
Tel: (509) 892-0467
Fax: (509) 921-0802
phelps@phelpslaw1.com

COPY

**TO:**         STATE OF WASHINGTON

A lawsuit has been started against you in the above-entitled Court by, Plaintiff Richard Mayer. Plaintiff's claim is stated in the written complaint, a copy of which is served upon you with this Summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and serve a copy upon the person signing this summons within twenty (20) days after the service of this Summons, excluding the day of service, or within sixty (60) days if this Summons was served outside the State of Washington, or within forty (40) days if this Summons is served through the Insurance Commissioner's Office, or a Default Judgment may be entered against you without notice. A Default Judgment is one where Plaintiff is entitled to what the complaint asks for because you have not responded. If you serve a notice of appearance on the undersigned attorney, you are entitled to notice before a default judgment may be entered.

You may demand that the Plaintiff file this lawsuit with the Court. If you do so, the demand must be made in writing and must be served upon the Plaintiffs. Within fourteen (14) days after you serve demand, the Plaintiffs must file this lawsuit with the Court, or the service on you of this Summons and Complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

PHELPS & ASSOCIATES, P.S.
2903 N. Stout Road
Spokane, WA 99206
Tel: (509) 892-0467
Fax: (509) 921-0802
phelps@phelpslaw1.com

DATED at Spokane, Washington this 17 day of August, 2021.

PHELPS AND ASSOCIATES, P.S.
Attorneys for Plaintiff

_____
DOUGLAS D. PHELPS, WSBA #22620
2903 N. Stout Road
Spokane, WA 99206
(509) 892-0467
phelps@phelpslaw1.com

SUMMONS

3

PHELPS & ASSOCIATES, P.S.
2903 N. Stout Road
Spokane, WA 99206
Tel: (509) 892-0467
Fax: (509) 921-0802
phelps@phelpslaw1.com

COPY

Original Filed

AUG 1 8 2021

TIMOTHY W. FITZGERALD
SPOKANE COUNTY CLERK

**IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SPOKANE**

RICHARD MAYER, a single person,

Plaintiff,

vs.

STATE OF WASHINGTON, WASHINGTON STATE DEPARTMENT OF CORRECTIONS, AIRWAY HEIGHTS CORRCTIONS CENTER, CITY OF AIRWAY HEIGHTS, ALBERT TRIPP City Manager of CITY OF AIRWAY HEIGHTS, CORRECTION OFFICER JARED BEERBAHN, SUPERINTENDENT JAMES R. KEY, SANDRA A. (THOMPSON) CONNER Advanced Registered Nurse Practitioner of AIRWAY HEIGTHS CORRECTIONS CENTER, DEBORAH TONHOFER MD, STEVEN HAMMOND Chief Medical Officer for WASHINGTON STATE DEPARMENT OF CORRECTIONS, RUSTY SMITH Head of Medical for AIRWAY HEIGHTS CORRECTIONS CENTER, JOHN/JANE DOE 1 Employee of CITY OF AIRWAY HEIGHTS, and JOHN/JANE DOES 2-10,

Defendants.

Case No. 21202311-32

**SUMMONS (20 days)**

SUMMONS

1

**PHELPS & ASSOCIATES, P.S.**
2903 N. Stout Road
Spokane, WA 99206
Tel: (509) 892-0467
Fax: (509) 921-0802
phelps@phelpslaw1.com

TO:    WASHINGTON STATE DEPARTMENT OF CORRECTIONS

A lawsuit has been started against you in the above-entitled Court by, Plaintiff Richard Mayer. Plaintiff's claim is stated in the written complaint, a copy of which is served upon you with this Summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and serve a copy upon the person signing this summons within twenty (20) days after the service of this Summons, excluding the day of service, or within sixty (60) days if this Summons was served outside the State of Washington, or within forty (40) days if this Summons is served through the Insurance Commissioner's Office, or a Default Judgment may be entered against you without notice. A Default Judgment is one where Plaintiff is entitled to what the complaint asks for because you have not responded. If you serve a notice of appearance on the undersigned attorney, you are entitled to notice before a default judgment may be entered.

You may demand that the Plaintiff file this lawsuit with the Court. If you do so, the demand must be made in writing and must be served upon the Plaintiffs. Within fourteen (14) days after you serve demand, the Plaintiffs must file this lawsuit with the Court, or the service on you of this Summons and Complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

SUMMONS                    2                  **PHELPS & ASSOCIATES, P.S.**
                                              2903 N. Stout Road
                                              Spokane, WA 99206
                                              Tel: (509) 892-0467
                                              Fax: (509) 921-0802
                                              phelps@phelpslaw1.com

DATED at Spokane, Washington this ___17th___ day of August, 2021.

PHELPS AND ASSOCIATES, P.S.
Attorneys for Plaintiff


DOUGLAS D. PHELPS, WSBA #22620
2903 N. Stout Road
Spokane, WA 99206
(509) 892-0467
phelps@phelpslaw1.com

PHELPS & ASSOCIATES, P.S.
2903 N. Stout Road
Spokane, WA 99206
Tel: (509) 892-0467
Fax: (509) 921-0802
phelps@phelpslaw1.com

COPY
Original Filed

AUG 1 8 2021

TIMOTHY W. FITZGERALD
SPOKANE COUNTY CLERK

**IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SPOKANE**

| | |
|---|---|
| RICHARD MAYER, a single person, | Case No. **21202311 -32** |
| Plaintiff, | **SUMMONS (20 days)** |
| vs. | |
| STATE OF WASHINGTON, WASHINGTON STATE DEPARTMENT OF CORRECTIONS, AIRWAY HEIGHTS CORRCTIONS CENTER, CITY OF AIRWAY HEIGHTS, ALBERT TRIPP City Manager of CITY OF AIRWAY HEIGHTS, CORRECTION OFFICER JARED BEERBAHN, SUPERINTENDENT JAMES R. KEY, SANDRA A. (THOMPSON) CONNER Advanced Registered Nurse Practitioner of AIRWAY HEIGTHS CORRECTIONS CENTER, DEBORAH TONHOFER MD, STEVEN HAMMOND Chief Medical Officer for WASHINGTON STATE DEPARMENT OF CORRECTIONS, RUSTY SMITH Head of Medical for AIRWAY HEIGHTS CORRECTIONS CENTER, JOHN/JANE DOE 1 Employee of CITY OF AIRWAY HEIGHTS, and JOHN/JANE DOES 2-10, Defendants. | |

SUMMONS

COPY

1

PHELPS & ASSOCIATES, P.S.
2903 N. Stout Road
Spokane, WA 99206
Tel: (509) 892-0467
Fax: (509) 921-0802
phelps@phelpslaw1.com

TO:         **AIRWAY HEIGHTS CORRECTIONS CENTER**

A lawsuit has been started against you in the above-entitled Court by, Plaintiff Richard Mayer. Plaintiff's claim is stated in the written complaint, a copy of which is served upon you with this Summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and serve a copy upon the person signing this summons within twenty (20) days after the service of this Summons, excluding the day of service, or within sixty (60) days if this Summons was served outside the State of Washington, or within forty (40) days if this Summons is served through the Insurance Commissioner's Office, or a Default Judgment may be entered against you without notice. A Default Judgment is one where Plaintiff is entitled to what the complaint asks for because you have not responded. If you serve a notice of appearance on the undersigned attorney, you are entitled to notice before a default judgment may be entered.

You may demand that the Plaintiff file this lawsuit with the Court. If you do so, the demand must be made in writing and must be served upon the Plaintiffs. Within fourteen (14) days after you serve demand, the Plaintiffs must file this lawsuit with the Court, or the service on you of this Summons and Complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

SUMMONS                        2

**PHELPS & ASSOCIATES, P.S.**
2903 N. Stout Road
Spokane, WA 99206
Tel: (509) 892-0467
Fax: (509) 921-0802
phelps@phelpslaw1.com

DATED at Spokane, Washington this ___17th___ day of August, 2021.

PHELPS AND ASSOCIATES, P.S.
Attorneys for Plaintiff

DOUGLAS D. PHELPS, WSBA #22620
2903 N. Stout Road
Spokane, WA 99206
(509) 892-0467
phelps@phelpslaw1.com

PHELPS & ASSOCIATES, P.S.
2903 N. Stout Road
Spokane, WA 99206
Tel: (509) 892-0467
Fax: (509) 921-0802
phelps@phelpslaw1.com

COPY

Original Filed

AUG 1 8 2021

TIMOTHY W. FITZGERALD
SPOKANE COUNTY CLERK

**IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SPOKANE**

| | |
|---|---|
| RICHARD MAYER, a single person, | Case No. **21202311 - 32** |
| Plaintiff, | **SUMMONS (20 days)** |
| vs. | |
| STATE OF WASHINGTON, WASHINGTON STATE DEPARTMENT OF CORRECTIONS, AIRWAY HEIGHTS CORRCTIONS CENTER, CITY OF AIRWAY HEIGHTS, ALBERT TRIPP City Manager of CITY OF AIRWAY HEIGHTS, CORRECTION OFFICER JARED BEERBAHN, SUPERINTENDENT JAMES R. KEY, SANDRA A. (THOMPSON) CONNER Advanced Registered Nurse Practitioner of AIRWAY HEIGTHS CORRECTIONS CENTER, DEBORAH TONHOFER MD, STEVEN HAMMOND Chief Medical Officer for WASHINGTON STATE DEPARMENT OF CORRECTIONS, RUSTY SMITH Head of Medical for AIRWAY HEIGHTS CORRECTIONS CENTER, JOHN/JANE DOE 1 Employee of CITY OF AIRWAY HEIGHTS, and JOHN/JANE DOES 2-10, | |
| Defendants. | |

SUMMONS

COPY

1

**PHELPS & ASSOCIATES, P.S.**
2903 N. Stout Road
Spokane, WA 99206
Tel: (509) 892-0467
Fax: (509) 921-0802
phelps@phelpslaw1.com

TO:     CORRECTIONS OFFICER JARED BEERBAHN

A lawsuit has been started against you in the above-entitled Court by, Plaintiff Richard Mayer. Plaintiff's claim is stated in the written complaint, a copy of which is served upon you with this Summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and serve a copy upon the person signing this summons within twenty (20) days after the service of this Summons, excluding the day of service, or within sixty (60) days if this Summons was served outside the State of Washington, or within forty (40) days if this Summons is served through the Insurance Commissioner's Office, or a Default Judgment may be entered against you without notice. A Default Judgment is one where Plaintiff is entitled to what the complaint asks for because you have not responded. If you serve a notice of appearance on the undersigned attorney, you are entitled to notice before a default judgment may be entered.

You may demand that the Plaintiff file this lawsuit with the Court. If you do so, the demand must be made in writing and must be served upon the Plaintiffs. Within fourteen (14) days after you serve demand, the Plaintiffs must file this lawsuit with the Court, or the service on you of this Summons and Complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

PHELPS & ASSOCIATES, P.S.
2903 N. Stout Road
Spokane, WA 99206
Tel: (509) 892-0467
Fax: (509) 921-0802
phelps@phelpslaw1.com

1   DATED at Spokane, Washington this 17 day of August, 2021.

2                               PHELPS AND ASSOCIATES, P.S.
                                Attorneys for Plaintiff
3

4

5                               DOUGLAS D. PHELPS, WSBA #22620
                                2903 N. Stout Road
6                               Spokane, WA 99206
                                (509) 892-0467
7                               phelps@phelpslaw1.com

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22   SUMMONS                              3
                                                      2903 N. Stout Road
                                                      Spokane, WA 99206
                                                      Tel: (509) 892-0467
                                                      Fax: (509) 921-0802
                                                      phelps@phelpslaw1.com

1

2

3

CN: 2120231132

4

**SN: 3**

PC: 3

5

6

7

**IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON**
**IN AND FOR THE COUNTY OF SPOKANE**

8

RICHARD MAYER, a single person,

Case No. 21202311-32

9

Plaintiff,

**SUMMONS (20 days)**

vs.

10

11   STATE OF WASHINGTON,
WASHINGTON STATE

12   DEPARTMENT OF CORRECTIONS,
AIRWAY HEIGHTS CORRCTIONS
CENTER, CITY OF AIRWAY

13   HEIGHTS, ALBERT TRIPP City
Manager of CITY OF AIRWAY

14   HEIGHTS, CORRECTION OFFICER
JARED BEERBAHN,

15   SUPERINTENDENT JAMES R. KEY,
SANDRA A. (THOMPSON) CONNER

16   Advanced Registered Nurse Practitioner
of AIRWAY HEIGTHS

17   CORRECTIONS CENTER, DEBORAH
TONHOFER MD, STEVEN

18   HAMMOND Chief Medical Officer for
WASHINGTON STATE DEPARAMENT

19   OF CORRECTIONS, RUSTY SMITH
Head of Medical for AIRWAY

20   HEIGHTS CORRECTIONS CENTER,
JOHN/JANE DOE 1 Employee of CITY

21   OF AIRWAY HEIGHTS, and
JOHN/JANE DOES 2-10,
                    Defendants.

22

SUMMONS                                1

**PHELPS & ASSOCIATES, P.S.**
2903 N. Stout Road
Spokane, WA 99206
Tel: (509) 892-0467
Fax: (509) 921-0802
phelps@phelpslaw1.com

*ORIGINAL*

TO:        JOHN/JANE DOE 1, Employee of City of Airway Heights

A lawsuit has been started against you in the above-entitled Court by, Plaintiff Richard Mayer. Plaintiff's claim is stated in the written complaint, a copy of which is served upon you with this Summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and serve a copy upon the person signing this summons within twenty (20) days after the service of this Summons, excluding the day of service, or within sixty (60) days if this Summons was served outside the State of Washington, or within forty (40) days if this Summons is served through the Insurance Commissioner's Office, or a Default Judgment may be entered against you without notice. A Default Judgment is one where Plaintiff is entitled to what the complaint asks for because you have not responded. If you serve a notice of appearance on the undersigned attorney, you are entitled to notice before a default judgment may be entered.

You may demand that the Plaintiff file this lawsuit with the Court. If you do so, the demand must be made in writing and must be served upon the Plaintiffs. Within fourteen (14) days after you serve demand, the Plaintiffs must file this lawsuit with the Court, or the service on you of this Summons and Complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

**PHELPS & ASSOCIATES, P.S.**
2903 N. Stout Road
Spokane, WA 99206
Tel: (509) 892-0467
Fax: (509) 921-0802
phelps@phelpslaw1.com

1
2     DATED at Spokane, Washington this _18_ day of August, 2021.

3                                    PHELPS AND ASSOCIATES, P.S.
                                     Attorneys for Plaintiff
4
5     _____
6     DOUGLAS D. PHELPS, WSBA #22620
      2903 N. Stout Road
      Spokane, WA 99206
7     (509) 892-0467
      phelps@phelpslaw1.com
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

**PHELPS & ASSOCIATES, P.S.**
2903 N. Stout Road
Spokane, WA 99206
Tel: (509) 892-0467
Fax: (509) 921-0802
phelps@phelpslaw1.com

# FILED

AUG 1 9 2021

TIMOTHY W. FITZGERALD
SPOKANE COUNTY CLERK

## IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON
## IN AND FOR THE COUNTY OF SPOKANE

RICHARD MAYER, a single person,

Plaintiff,

vs.

STATE OF WASHINGTON, WASHINGTON STATE DEPARTMENT OF CORRECTIONS, AIRWAY HEIGHTS CORRCTIONS CENTER, CITY OF AIRWAY HEIGHTS, ALBERT TRIPP City Manager of CITY OF AIRWAY HEIGHTS, CORRECTION OFFICER JARED BEERBAHN, SUPERINTENDENT JAMES R. KEY, SANDRA A. (THOMPSON) CONNER Advanced Registered Nurse Practitioner of AIRWAY HEIGTHS CORRECTIONS CENTER, DEBORAH TONHOFER MD, STEVEN HAMMOND Chief Medical Officer for WASHINGTON STATE DEPARMENT OF CORRECTIONS, RUSTY SMITH Head of Medical for AIRWAY HEIGHTS CORRECTIONS CENTER, JOHN/JANE DOE 1 Employee of CITY OF AIRWAY HEIGHTS, and JOHN/JANE DOES 2-10,
                    Defendants.

Case No. 21202311-32

**SUMMONS (20 days)**

SUMMONS                                    1

**PHELPS & ASSOCIATES, P.S.**
2903 N. Stout Road
Spokane, WA 99206
Tel: (509) 892-0467
Fax: (509) 921-0802
phelps@phelpslaw1.com

*ORIGINAL*

TO:        CITY OF AIRWAY HEIGHTS

A lawsuit has been started against you in the above-entitled Court by, Plaintiff Richard Mayer. Plaintiff's claim is stated in the written complaint, a copy of which is served upon you with this Summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and serve a copy upon the person signing this summons within twenty (20) days after the service of this Summons, excluding the day of service, or within sixty (60) days if this Summons was served outside the State of Washington, or within forty (40) days if this Summons is served through the Insurance Commissioner's Office, or a Default Judgment may be entered against you without notice. A Default Judgment is one where Plaintiff is entitled to what the complaint asks for because you have not responded. If you serve a notice of appearance on the undersigned attorney, you are entitled to notice before a default judgment may be entered.

You may demand that the Plaintiff file this lawsuit with the Court. If you do so, the demand must be made in writing and must be served upon the Plaintiffs. Within fourteen (14) days after you serve demand, the Plaintiffs must file this lawsuit with the Court, or the service on you of this Summons and Complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

PHELPS & ASSOCIATES, P.S.
2903 N. Stout Road
Spokane, WA 99206
Tel: (509) 892-0467
Fax: (509) 921-0802
phelps@phelpslaw1.com

1

2          DATED at Spokane, Washington this ___18___ day of August, 2021.

3                              PHELPS AND ASSOCIATES, P.S.
                               Attorneys for Plaintiff
4

5                              _____
                               DOUGLAS D. PHELPS, WSBA #22620
6                              2903 N. Stout Road
                               Spokane, WA 99206
7                              (509) 892-0467
                               phelps@phelpslaw1.com
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

SUMMONS                                    3                PHELPS & ASSOCIATES, P.S.
                                                            2903 N. Stout Road
                                                            Spokane, WA 99206
                                                            Tel: (509) 892-0467
                                                            Fax: (509) 921-0802
                                                            phelps@phelpslaw1.com

COPY
Original Filed
AUG 1 8 2021
TIMOTHY W. FITZGERALD
SPOKANE COUNTY CLERK

**IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SPOKANE**

RICHARD MAYER, a single person,

Plaintiff,

vs.

STATE OF WASHINGTON, WASHINGTON STATE DEPARTMENT OF CORRECTIONS, AIRWAY HEIGHTS CORRCTIONS CENTER, CITY OF AIRWAY HEIGHTS, ALBERT TRIPP City Manager of CITY OF AIRWAY HEIGHTS, CORRECTION OFFICER JARED BEERBAHN, SUPERINTENDENT JAMES R. KEY, SANDRA A. (THOMPSON) CONNER Advanced Registered Nurse Practitioner of AIRWAY HEIGTHS CORRECTIONS CENTER, DEBORAH TONHOFER MD, STEVEN HAMMOND Chief Medical Officer for WASHINGTON STATE DEPARMENT OF CORRECTIONS, RUSTY SMITH Head of Medical for AIRWAY HEIGHTS CORRECTIONS CENTER, JOHN/JANE DOE 1 Employee of CITY OF AIRWAY HEIGHTS, and JOHN/JANE DOES 2-10,
Defendants.

No. 21202311-32

COMPLAINT
FOR DAMAGES

COMES NOW the Plaintiff, RICHARD MAYER, by and through his attorney,

DOUGLAS D. PHELPS of PHELPS AND ASSOCIATES P.S., and for a cause of action

COMPLAINT FOR DAMAGES
<u>(Mayer v. State of Washington et al..)</u> - Page 1 of 30

PHELPS AND ASSOCIATES, PS
Attorneys at Law
2903 N. Stout Rd.
Spokane, WA 99206-4373
(509) 892-0467



against the Defendants, STATE OF WASHINGTON, WASHINGTON STATE DEPARTMENT OF CORRECTIONS, AIRWAY HEIGHTS CORRECTION CENTER, CITY OF AIRWAY HEIGHTS, ALBERT TRIPP City Manager of CITY OF AIRWAY HEIGHTS, CORRECTION OFFICER JARED BEERBAHN, SUPERINTENDENT JAMES R. KEY, SANDRA A. (THOMPSON) CONNER Advanced Registered Nurse Practitioner for AIRWAY HEIGTHS CORRECTIONS CENTER, JOHN/JANE DOE 1 Employee of CITY OF AIRWAY HEIGHTS, DEBORAH TONHOFER MD, STEVEN HAMMOND Chief Medical Officer for WASHINGTON STATE DEPARMENT OF CORRECTIONS, RUSTY SMITH Head of Medical for AIRWAY HEIGHTS CORRECTIONS CENTER, and JOHN/JANE DOES 2-10 above-named, alleges as follows:

## I. JURISDICTION

1.1   Plaintiff, RICHARD MAYER was at all times relevant hereto a resident of Spokane County, State of Washington and an inmate incarcerated within the AIRWAY HEIGHTS CORRECTION CENTER.

1.2   Defendant, WASHINGTON STATE is a government entity responsible for the supervision of inmates housed at AIRWAY HEIGHTS CORRECTION CENTER.

1.3   Defendant AIRWAY HEIGHTS CORRECTION CENTER is a state operated prison facility located in Spokane County, State of Washington

1.4   Defendant, CITY OF AIRWAY HEIGHTS is a municipal government entity organized under the Revised Code of Washington and located in Spokane, Spokane County, Washington.

1.5   Defendant ALBERT TRIPP is the City of Airway Heights and signer on contracts with Department of Corrections regarding inmate labor.

1.6   Defendant SUPERINTENDENT JAMES R. KEY was the superintendent of AIRWAY HEIGHTS CORRECTIONAL CENTER at all times material hereto

PHELPS AND ASSOCIATES, PS
Attorneys at Law
2903 N. Stout Rd.
Spokane, WA 99206-4373
(509) 892-0467

and is believed to be a resident of the County of Spokane, State of Washington.

1.7 Defendant JOHN/JANE DOE 1 was an employee of the CITY OF AIRWAY HEIGHTS Park and Recreation Department onsite during the cleanup.

1.8 Defendant CORRECTION OFFICER JARED BEERBAHN and JOHN/JANE DOES 2-10 are residents of Spokane County, Washington, and were law corrections officers employed by the AIRWAY HEIGHTS CORRECTION CENTER, at all times relevant to this action. All Defendants are believed to reside in Spokane County, Washington.

1.9 Defendant DEBORAH TONHOFER MD, STEVEN HAMMOND Chief Medical Officer for WASHINGTON STATE DEPARMENT OF CORRECTIONS, RUSTY SMITH Head of Medical for AIRWAY HEIGHTS CORRECTIONS CENTER, and SANDRA A. (THOMPSON) CONNER Advanced Registered Nurse Practitioner were part of medical staff responsible for medical care of Plaintiff RICHARD MAYER along with JOHN/JANE DOES 2-10.

1.10 All acts and omissions alleged herein occurred in the County of Spokane, State of Washington.

1.11 Defendants above named are the proximate cause for the damages to be proved at time of trial and herein alleged.

1.12 The venue is proper in the County of Spokane, State of Washington in that the Defendants and Plaintiffs reside in, and the cause of action arises in the County of Spokane, State of Washington.

1.13 Plaintiff has timely filed a notice pursuant to RCW 4.92.100 to CITY OF AIRWAY HEIGHTS and STATE OF WASHINGTON on June 23, 2020.

1.14 Defendant STATE OF WASHINGTON and CITY OF AIRWAY HEIGHTS have in RCW 4.92.090 accepted liability for the tortious conduct to the same extent as a private person or corporation.

## II. FACTS

PHELPS AND ASSOCIATES, PS
Attorneys at Law
2903 N. Stout Rd.
Spokane, WA 99206-4373
(509) 892-0467

2.1     On or about August 24, 2018, the Plaintiff RICHARD MAYER was working as part of an inmate work crew picking up trash in a city park in the CITY OF AIRWAY HEIGHTS.

2.2     Plaintiff RICHARD MAYER noticed that there were hypodermic needles mixed in with garbage in the park in the CITY OF AIRWAY HEIGHTS.

2.3     The CORRECTION OFFICER JARED BEERBAHN and JOHN/JANE DOE 1 Employee of CITY OF AIRWAY HEIGHTS, accompanied AIRWAY HEIGHTS CORRECTION CENTER work crew, observed the visible needles and told the workers to be careful **(Exhibit A1 – Response)**.

2.4     Defendants CITY OF AIRWAY HEIGHTS, AIRWAY HEIGHTS CORRECTION CENTER, ALBERT TRIPP City Manager for CITY OF AIRWAY HEIGHTS, JOHN/JANE DOE 1 Employee of CITY OF AIRWAY HEIGHTS, and CORRECTION OFFICER JARED BEERBAHN did not offer or provide the work crew and Plaintiff RICHARD MAYER with proper protective equipment for collecting hazardous and infectious/infectious materials including medical waste with syringes. **(Exhibit D – Response)**

2.5     Defendants CITY OF AIRWAY HEIGHTS, ALBERT TRIPP City Manager of CITY OF AIRWAY HEIGHTS, and AIRWAY HEIGHTS CORRECTION CENTER pursuant to contract made agreements that risk assessment was to be performed and which party was to provide personal protections equipment to inmate workers. **(Exhibit B – Crew Work Master Agreement)**

2.6     Plaintiff RICHARD MAYER requested CORRECTION OFFICER JARED BEERBAHN and JOHN/JANE DOE 1 Employee of CITY OF AIRWAY HEIGHTS for protective equipment for picking up such hazardous and infectious materials and medical waste with syringes **(Exhibit C1 – Medical Records)**.

2.7     Plaintiff RICHARD MAYER was not provided adequate protective equipment for picking up such hazardous and infectious materials and medical

PHELPS AND ASSOCIATES, PS
Attorneys at Law
2903 N. Stout Rd.
Spokane, WA 99206-4373
(509) 892-0467

waste but was instructed to pick up the hazardous and infectious materials. **(Exhibit D – Response)**

2.8    Plaintiff RICHARD MAYER recognizing that a failure to comply with an order from a correctional officer could result in discipline and punishment reluctantly complied to avoid punishment and other sanctions.

2.9    CORRECTIONS OFFICER JARED BEERBAHN and JOHN/JANE DOE 1 Employee of CITY OF AIRWAY HEIGHTS failed to suspend the cleanup work to arrange for protective equipment or proper safety measures to protect inmates including the Plaintiff RICHARD MAYER. **(Exhibit D- Response)**

2.10   Plaintiff RICHARD MAYER did as instructed and started to pick up the hazardous and infectious materials including syringes without the requested and proper protective equipment based on orders from OFFICER JARED BERRBAHN and JOHN/JANE DOE 1 Employee of CITY OF AIRWAY HEIGHTS.

2.11   In the process of picking up the hazardous and infectious material., Plaintiff RICHARD MAYER was stuck with a needle that was hazardous and infectious medical waste with sharps including syringes. **(Exhibit E)**

2.12   Plaintiff RICHARD MAYER notified CORRECTION OFFICER JARED BEERBAHN and JOHN/JANE DOE 1 Employee of CITY OF AIRWAY HEIGHTS immediately after he was stuck with the needle on a syringe.

2.13   Plaintiff RICHARD MAYER was transported back to AIRWAY HEIGHTS CORRECTION CENTER MSU medical for medical treatment.

2.14   Plaintiff RICHARD MAYER was on that day tested for HIV and Hepatitis C and tested negative.

2.15   Plaintiff RICHARD MAYER was reportedly given Truvada and Rautegravir to prevent contracting HIV and other diseases by SANDRA A. (THOMPSON) CONNER, Advanced Registered Nurse Practitioner for AIRWAY HEIGHTS CORRECTIONS CENTER, DEBORAH TONHOFER

PHELPS AND ASSOCIATES, PS
Attorneys at Law
2903 N. Stout Rd.
Spokane, WA 99206-4373
(509) 892-0467

MD, STEVEN HAMMOND Chief Medical Officer for WASHINGTON STATE DEPARMENT OF CORRECTIONS, and RUSTY SMITH Head of Medical for AIRWAY HEIGHTS CORRECTIONS CENTER supervised medical care at the MSU. **(Exhibit C5 & C6 – Medical Records)**

2.16    On or about October 3, 2018, Plaintiff RICHARD MAYER was notified by Zina Blancher, Registered Nurse for AIRWAY HEIGHTS CORRECTIONS CENTER, that he was given the wrong dosage of Truvada and Rautegravir by SANDRA A. (THOMPSON) CONNER Advanced Registered Nurse Practitioner supervised by, DEBORAH TONHOFER MD, STEVEN HAMMOND Chief Medical Officer for WASHINGTON STATE DEPARMENT OF CORRECTIONS, and RUSTY SMITH Head of Medical for AIRWAY HEIGHTS CORRECTIONS CENTER. **(Exhibit C2 & C4 – Medical Records)**

2.17    Zina Blancher, Registered Nurse for AIRWAY HEIGHTS CORRECTIONS CENTER, advised Plaintiff RICHARD MAYER that due to his receiving the incorrect dosage of the preventative medication it will not be effective in treating him.

2.18    Plaintiff RICHARD MAYER tested negative twice for HIV and Hepatitis C.

2.19    Plaintiff RICHARD MAYER later was advised that he tested positive for Hepatitis C on or about November 28, 2018. **(Exhibit D - Response)**

2.20    As a result of this incident and negligent medical treatment, Plaintiff RICHARD MAYER contracted Hepatitis C after being given the incorrect dosage of the preventive medication for HIV, Hepatitis C, and other diseases.

2.21    As a result of this incident, Plaintiff RICHARD MAYER now has Alopecia and other health issues due to the stress related to the disease of Hepatitis C.

2.22    As a result of this incident, Plaintiff RICHARD MAYER suffers injuries both mental and physical, which are continuous and ongoing.

2.23    AIRWAY HEIGHTS CORRECTION CENTTER, CITY OF AIRWAY

PHELPS AND ASSOCIATES, PS
Attorneys at Law
2903 N. Stout Rd.
Spokane, WA 99206-4373
(509) 892-0467

HEIGHTS, and ALBERT TRIPP City Manager of CITY OF AIRWAY HEIGHTS used inmate labor for very hazardous and infectious and dangerous duties collecting hazardous and infectious and dangerous medical waste without providing any protective equipment. **(Exhibit A2 - Response)**

2.24    As a result of AIRWAY HEIGHTS CORRECTION CENTER, ALBERT TRIPP City Manager of CITY OF AIRWAY HEIGHTS. and CITY OF AIRWAY HEIGHTS not providing the inmate work crew with proper equipment for picking up hazardous and infectious waste, Plaintiff RICHARD MAYER suffers mental and physical damages including a chronic illness after the needle stick.

2.25    As a result of CORRECTION OFFICER JARED BEERBAHN, AIRWAY HEIGHTS CORRECTION CENTER, CITY OF AIRWAY HEIGHTS, JOHN/JANE DOE 1 Employee of CITY OF AIRWAY HEIGHTS, and ALBERT TRIPP City Manager of CITY OF AIRWAY HEIGHTS, not providing proper equipment when requested by inmate workers including, Plaintiff RICHARD MAYER suffers mental and physical damages.

2.26    As a result of AIRWAY HEIGHTS CORRETION CENTER MSU SANDRA A. (THOMPSON) CONNER Advanced Registered Nurse Practitioner for AIRWAY HEIGTHS CORRECTIONS CENTER supervised by, DEBORAH TONHOFER MD, STEVEN HAMMOND Chief Medical Officer for WASHINGTON STATE DEPARMENT OF CORRECTIONS, and RUSTY SMITH Head of Medical for AIRWAY HEIGHTS CORRECTIONS CENTER provided improper dosage of medication, Plaintiff RICHARD MAYER has contracted Hepatitis C and other diseases yet to be identified. **(Exhibit C3 & C4 – Medical Records)**

2.27    Hepatitis C virus is one of the most important causes of chronic liver disease in the United States. It is an RNA virus. While it accounts for 15 percent of acute viral hepatitis, it is responsible for nearly 70 percent of chronic hepatitis,

PHELPS AND ASSOCIATES, PS
Attorneys at Law
2903 N. Stout Rd.
Spokane, WA 99206-4373
(509) 892-0467

and up to 50 percent of cirrhosis, end-stage liver disease, and liver cancer in the United States. The hepatitis C virus mutates rapidly and changes the protein composition of the protein envelope which surrounds it. This allows it to evade the immune system and, for this reason, it has been difficult to develop a vaccine to hepatitis C. Genotypes 1a and 1b are most common in the United States (75 percent of cases.)

2.28    Hepatitis C transmission occurs primarily through exposure to infected blood.

2.29    The biggest threat from hepatitis C infection is that the acute disease fails to resolve in most instances and the disease advances to chronic hepatitis C. The most common sequelae of chronic HCV infection are progressive liver fibrosis leading to cirrhosis, end-stage liver disease and hepatocellular carcinoma. Treatment is most effective when the degree of fibrosis is minimal.

2.30    HCV infection is diagnosed by blood tests. These tests detect antibodies that the body makes to the hepatitis C virus. If the patient is determined to have detectable virus in his blood over a period of month, he is considered to have chronic hepatitis C. The standard of care for treatment in the United States has been set forth by the National Instituted of Health.

2.31    If the patient is infected with genotype 1, then he should be offered a liver biopsy. It is used to determine the amount of scarring (fibrosis) present in the liver and this information is critical to deciding on whether to treat with the antiviral drugs.

2.32    After diagnosis of HCV, proper ongoing healthcare is critical so the infected person can be evaluated by a specialist and referred to appropriate medical care.

2.33    Virtually all experts recommend treatment for patients with Stage II disease, as determined by liver biopsy. Therapy for HCV can take months is complicated and very expensive. Effective treatment reduces but does not

PHELPS AND ASSOCIATES, PS
Attorneys at Law
2903 N. Stout Rd.
Spokane, WA 99206-4373
(509) 892-0467

eliminate the risk of developing liver cancer. Liver transplant is the only treatment for end stage liver cancer.

2.34 The work program utilizes inmates who work for underpaid amounts of money and opportunities to spend time in the community.

2.35 As part of the state labor programs the WASHINGTON STATE DEPARTMENT OF CORRECTIONS withholds funds which are then utilized to pay of fines and fees imposed by the court.

2.36 On June 23, 2020 and June 19, 2020, STATE OF WASHINGTON and CITY OF AIRWAY HEIGHTS were served with a notice of claim as required by RCW 4.92.100.

2.37 There has been no response or attempt to settle the claims after notice.

### III. CAUSE OF ACTION FOR VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS UNDER COLOR OF LAW PURSUANT TO 42 USC § 1983 (THE CIVIL RIGHTS ACT)

Plaintiff RICHARD MAYER re-alleges and incorporates the foregoing paragraphs as if fully set forth herein, paragraph 2.1 to 2.37 as paragraphs 3.1 to 3.37.

3.38 The Defendants caused or failed to prevent injury to Plaintiff RICHARD MAYER in violation of his rights under 42 USC § 1983 and the 4th ,14th, and 8th Amendments to the U.S. Constitution as well as Washington State Constitution Article I Section 3, 7, 14, and 35..

3.39 The Defendants used policies, procedures and/or custom to endanger inmates by involving inmate workers in performance of hazardous and infectious labor while denying them proper safety and protective equipment to perform hazardous and infectious labor demonstrating deliberate indifference for the safety for inmate workers including RICHARD MAYER.

3.40 That the Defendants, STATE OF WASHINTON, WASHINGTON STATE

PHELPS AND ASSOCIATES, PS
Attorneys at Law
2903 N. Stout Rd.
Spokane, WA 99206-4373
(509) 892-0467

DEPARTMENT OF CORRECTIONS, CITY OF AIRWAY HEIGHTS, ALBERT TRIPP City Manager of CITY OF AIRWAY HEIGHTS, JOHN/JANE DOE 1 Employee of CITY OF AIRWAY HEIGHTS, AIRWAY HEIGHTS CORRECTION CENTER, CORRECTIONS OFFICER JARED BEERBAHN, SANDRA A. (THOMPSON) CONNER Advanced Registered Nurse Practitioner for AIRWAY HEIGTHS CORRECTIONS CENTER, DEBORAH TONHOFER MD, STEVEN HAMMOND Chief Medical Officer for WASHINGTON STATE DEPARMENT OF CORRECTIONS, RUSTY SMITH Head of Medical for AIRWAY HEIGHTS CORRECTIONS CENTER and SUPERINTENDENT JAMES R. KEY by custom, policy, or practice exhibiting deliberate indifference in the care of inmates caused the injury to Plaintiff RICHARD MAYER.

3.41    That the Defendants STATE OF WASHINGTON, WASHINGTON STATE DEPARTMENT OF CORRECTIONS, CORRECTIONS OFFICER JARED BEERBAHN, CITY OF AIRWAY HEIGHTS, ALBERT TRIPP City Manager of CITY OF AIRWAY HEIGHTS, AIRWAY HEIGHTS CORRECTION CENTER, SANDRA A. (THOMPSON) CONNER Advanced Registered Nurse Practitioner for AIRWAY HEIGTHS CORRECTIONS CENTER supervised by, DEBORAH TONHOFER MD, STEVEN HAMMOND Chief Medical Officer for WASHINGTON STATE DEPARMENT OF CORRECTIONS, RUSTY SMITH Head of Medical for AIRWAY HEIGHTS CORRECTIONS CENTER, JOHN/JANE DOE 1 Employee of CITY OF AIRWAY HEIGHTS, and SUPERINTENDANT JAMES R. KEY have and continue to use inmate labor to perform dangerous and hazardous and infectious activities to enrich the State and the Department of Corrections demonstrating deliberate indifference for inmate safety.

3.42    As a result of the deprivations and violations to Plaintiff RICHARD MAYER's rights, Plaintiff RICHARD MAYER suffered and continues to

PHELPS AND ASSOCIATES, PS
Attorneys at Law
2903 N. Stout Rd.
Spokane, WA 99206-4373
(509) 892-0467

suffer injury and as a result of this incident and injuries including but not limited to physical, psychological and emotional.

3.43    The Defendants acted with reckless and callous deliberate indifference to Plaintiff RICHARD MAYER's rights and failed to prevent injury to Plaintiff RICHARD MAYER which was a violation of his rights pursuant to Article I Section 3, 7, 14, and 35 of the Washington State Constitution and the 4th, 8th, and 14th Amendments to the Constitution of the United States.

3.44    That the Defendants, STATE OF WASHINGTON, WASHINGTON STATE DEPARTMENT OF CORRECTIONS, CORRECTIONS OFFICER JARED BEERBAHN, CITY OF AIRWAY HEIGHTS, ALBERT TRIPP City Manager of CITY OF AIRWAY HEIGHTS, AIRWAY HEIGHTS CORRECTION CENTER, SANDRA A. (THOMPSON) CONNER Advanced Registered Nurse Practitioner for AIRWAY HEIGTHS CORRECTIONS CENTER supervised by, DEBORAH TONHOFER MD, STEVEN HAMMOND Chief Medical Officer for WASHINGTON STATE DEPARMENT OF CORRECTIONS, RUSTY SMITH Head of Medical for AIRWAY HEIGHTS CORRECTIONS CENTER, JOHN/JANE DOE 1 Employee of CITY OF AIRWAY HEIGHTS, and SUPERINTENDENT JAMES R. KEY by custom, policy, or practice acted with deliberate indifference and caused the deprivation of the rights of Plaintiff RICHARD MAYER.

3.45    That as a result of the violations of Plaintiff RICHARD MAYER's Washington State and United States Constitutional Rights, Plaintiff RICHARD MAYER suffered and continues to suffer injury as a result of his detention and work programs which failed to protect him, and other inmates engaged in hazardous and infectious work activities.

**IV. CAUSE OF ACTION FOR NEGLIGENT TRAINING, RETENTION**

PHELPS AND ASSOCIATES, PS
Attorneys at Law
2903 N. Stout Rd.
Spokane, WA 99206-4373
(509) 892-0467

**AND SUPERVISION**

Plaintiff re-alleges and incorporates the foregoing paragraphs as if fully set forth herein, paragraph 2.1 to 2.37 as paragraphs 4.1 to 4.37.

4.38    That the government defendants, STATE OF WASHINGTON, WASHINGTON STATE DEPARTMENT OF CORRECTIONS, AIRWAY HEIGHTS CORRECTION CENTER, CITY OF AIRWAY HEIGHTS, ALBERT TRIPP City Manager of CITY OF AIRWAY HEIGHTS, JOHN/JANE DOE 1 Employee of CITY OF AIRWAY HEIGHTS, SANDRA A. (THOMPSON) CONNER Advanced Registered Nurse Practitioner for AIRWAY HEIGTHS CORRECTIONS CENTER supervised by, DEBORAH TONHOFER MD, STEVEN HAMMOND Chief Medical Officer for WASHINGTON STATE DEPARMENT OF CORRECTIONS, RUSTY SMITH Head of Medical for AIRWAY HEIGHTS CORRECTIONS CENTER supervised by, and SUPERINTENDENT JAMES R. KEY, are liable for the actions of their employees and for failing to train said employees in the proper procedures when involving inmate labor in performing highly dangerous and hazardous and infectious activities demonstrating a deliberate indifference for the health and safety of inmate workers.

4.39    That as a result of the actions or inactions of the employees of STATE OF WASHINGTON, WASHINGTON STATE DEPARTENT OF CORRECTIONS, AIRWAY HEIGHTS CORRECTION CENTER, CITY OF AIRWAY HEIGHTS, ALBERT TRIPP City Manager of CITY OF AIRWAY HEIGHTS, JOHN/JANE DOE 1 Employee of CITY OF AIRWAY HEIGHTS, SANDRA A. (THOMPSON) CONNER Advanced Registered Nurse Practitioner for AIRWAY HEIGTHS CORRECTIONS CENTER, DEBORAH TONHOFER MD, STEVEN HAMMOND Chief Medical Officer for WASHINGTON STATE DEPARMENT OF CORRECTIONS, RUSTY SMITH Head of Medical for AIRWAY HEIGHTS CORRECTIONS

PHELPS AND ASSOCIATES, PS
Attorneys at Law
2903 N. Stout Rd.
Spokane, WA 99206-4373
(509) 892-0467

CENTER supervised the medical care, and SUPERINTENDENT JAMES R. KEY, Plaintiff suffered and continues to suffer injury and ongoing debilitating illness.

4.40    That STATE OF WASHINGTON, WASHINGTON STATE DEPARTENT OF CORRECTIONS, AIRWAY HEIGHTS CORRECTION CENTER, CITY OF AIRWAY HEIGHTS, ALBERT TRIPP City Manager of CITY OF AIRWAY HEIGHTS, JOHN/JANE DOE 1 Employee of CITY OF AIRWAY HEIGHTS, SANDRA A. (THOMPSON) CONNER Advanced Registered Nurse Practitioner for AIRWAY HEIGTHS CORRECTIONS CENTER, DEBORAH TONHOFER MD, STEVEN HAMMOND Chief Medical Officer for WASHINGTON STATE DEPARMENT OF CORRECTIONS, RUSTY SMITH Head of Medical for AIRWAY HEIGHTS CORRECTIONS CENTER supervised by, and SUPERINTENDENT JAMES R. KEY, failed to adequately and fully train corrections officers in supervising hazardous and infectious activities, resulting in the injury and infection of the Plaintiff RICHARD MAYER.

4.41    That as a result of the negligent supervision and training, Plaintiff suffered and continues to suffer injury and continuing chronic illness.

4.42    That as a result of the actions or inactions of the employees of STATE OF WASHINGTON, CITY OF AIRWAY HEIGHTS, ALBERT TRIPP City Manager of CITY OF AIRWAY HEIGHTS, WASHINGTON STATE DEPARTMENT OR CORRECTIONS, AIRWAY HEIGHTS CORRECTION CENTER, JOHN/JANE DOE 1 Employee of CITY OF AIRWAY HEIGHTS, SANDRA A. (THOMPSON) CONNER Advanced Registered Nurse Practitioner for AIRWAY HEIGTHS CORRECTIONS CENTER, DEBORAH TONHOFER MD, STEVEN HAMMOND Chief Medical Officer for WASHINGTON STATE DEPARMENT OF CORRECTIONS, RUSTY SMITH Head of Medical for AIRWAY HEIGHTS CORRECTIONS

PHELPS AND ASSOCIATES, PS
Attorneys at Law
2903 N. Stout Rd.
Spokane, WA 99206-4373
(509) 892-0467

CENTER, and SUPERINTENDENT JAMES R. KEY, Plaintiff suffered and continues to suffer injury, chronic illness, and mental stress.

4.43   That STATE OF WASHINGTON, CITY OF AIRWAY HEIGHTS, ALBERT TRIPP City Manager of CITY OF AIRWAY HEIGHTS, WASHINGTON STATE DEPARTENT OF CORRECTIONS, AIRWAY HEIGHTS CORRECTION CENTER, JOHN/JANE DOE 1 Employee of CITY OF AIRWAY HEIGHTS, SANDRA A. (THOMPSON) CONNER Advanced Registered Nurse Practitioner for AIRWAY HEIGTHS CORRECTIONS CENTER, DEBORAH TONHOFER MD, STEVEN HAMMOND Chief Medical Officer for WASHINGTON STATE DEPARMENT OF CORRECTIONS, RUSTY SMITH Head of Medical for AIRWAY HEIGHTS CORRECTIONS CENTER, and SUPERINTENDENT JAMES R. KEY, failed to adequately and fully train and supervise correctional officers and staff, resulting in the injury to the Plaintiff.

## V. CAUSE OF ACTION FOR COMMON LAW NEGLIGENCE

Plaintiff re-alleges and incorporates the foregoing paragraphs as if fully set forth herein, paragraph 2.1 to 2.37 as paragraphs 5.1 to 5.37.

5.38   That the Defendants STATE OF WASHINGTON, CITY OF AIRWAY HEIGHTS, ALBERT TRIPP City Manager of CITY OF AIRWAY HEIGHTS, WASHINGTON STATE DEPARTENT OF CORRECTIONS, AIRWAY HEIGHTS CORRECTION CENTER, JOHN/JANE DOE 1 Employee of CITY OF AIRWAY HEIGHTS, SANDRA A. (THOMPSON) CONNER Advanced Registered Nurse Practitioner for AIRWAY HEIGTHS CORRECTIONS CENTER, DEBORAH TONHOFER MD, STEVEN HAMMOND Chief Medical Officer for WASHINGTON STATE DEPARMENT OF CORRECTIONS, RUSTY SMITH Head of Medical for AIRWAY HEIGHTS CORRECTIONS CENTER, JOHN/JANE DOE 2-10,

PHELPS AND ASSOCIATES, PS
Attorneys at Law
2903 N. Stout Rd.
Spokane, WA 99206-4373
(509) 892-0467

and SUPERINTENDENT JAMES R. KEY, including CORRECTION OFFICER JARED BEERBAHN, failed to prevent injury to Plaintiff RICHARD MAYER in violation of their common law duty to properly equip inmate workers with the necessary protective equipment when performing dangerous and hazardous and infectious activities in handling hazardous and infectious medical waste. Further, the medical personnel were negligent in the care and treatment of RICHARD MAYER.

5.39    That the Defendants STATE OF WASHINGTON, CITY OF AIRWAY HEIGHTS, ALBERT TRIPP City Manager of CITY OF AIRWAY HEIGHTS, WASHINGTON STATE DEPARTENT OF CORRECTIONS, AIRWAY HEIGHTS CORRECTION CENTER, CORRECTIONS OFFICER JARED BEERBAHN, SANDRA A. (THOMPSON) CONNER Advanced Registered Nurse Practitioner for AIRWAY HEIGTHS CORRECTIONS CENTER, DEBORAH TONHOFER MD, STEVEN HAMMOND Chief Medical Officer for WASHINGTON STATE DEPARMENT OF CORRECTIONS, RUSTY SMITH Head of Medical for AIRWAY HEIGHTS CORRECTIONS CENTER, JOHN/JANE DOE 2-10, JOHN/JANE DOE 1 Employee of CITY OF AIRWAY HEIGHTS, and SUPERINTENDENT JAMES R. KEY failed to provide proper equipment to correctional staff and inmates including CORRECTION OFFICER JARED BEERBAHN that failure to address the proper protection of their inmate workers when dealing with highly hazardous and infectious medical waste resulted in injury to Plaintiff RICHARD MAYER. Additionally, the medical care provided was below the standard of care for those exposed to medical sticks.

5.40    As a result the negligence of the Defendants Plaintiff RICHARD MAYER suffers from a physical and mental injuries from being stuck by a hypodermic needle and subsequent improper medical treatment, which caused him to contract the Hepatitis C disease, a chronic illness.

PHELPS AND ASSOCIATES, PS
Attorneys at Law
2903 N. Stout Rd.
Spokane, WA 99206-4373
(509) 892-0467

5.41    As a result of STATE OF WASHINGTON, CITY OF AIRWAY HEIGHTS, ALBERT TRIPP City Manager of CITY OF AIRWAY HEIGHTS, WASHINGTON STATE DEPARTENT OF CORRECTIONS, AIRWAY HEIGHTS CORRECTION CENTER, CORRECTIONS OFFICER JARED BEERBAHN, SANDRA A. (THOMPSON) CONNER Advanced Registered Nurse Practitioner for AIRWAY HEIGTHS CORRECTIONS CENTER, DEBORAH TONHOFER MD, STEVEN HAMMOND Chief Medical Officer for WASHINGTON STATE DEPARMENT OF CORRECTIONS, RUSTY SMITH Head of Medical for AIRWAY HEIGHTS CORRECTIONS CENTER, JOHN/JANE DOE 2-10, JOHN/JANE DOE 1 Employee of CITY OF AIRWAY HEIGHTS, and SUPERINTENDENT JAMES R. KEY negligence and deliberate indifference in failing to provide protective equipment medical care and training to Plaintiff RICHARD MAYER, he was stuck by a hypodermic needle when ordered to pick up highly hazardous and infectious medical waste.

5.42    In failing to provide protective equipment, medical care, and training for inmate workers and correctional staff picking up hazardous and infectious waste, CORRECTION OFFICER JARED BEERBAHN, ALBERT TRIPP City Manager of CITY OF AIRWAY HEIGHTS, and JOHN/JANE DOE 1 Employee of CITY OF AIRWAY HEIGHTS inaction endangered and resulted in the injury to Plaintiff RICHARD MAYER demonstrating common law negligence and deliberate indifference to safety and health of inmate workers.

5.43    The CITY OF AIRWAY HEIGHTS, ALBERT TRIPP City Manager of CITY OF AIRWAY HEIGHTS, STATE OF WASHINGTON, WASHINGTON STATE DEPARTMENT OF CORRECTIONS, JOHN/JANE DOE 1 Employee of CITY OF AIRWAY HEIGHTS, JOHN/JANE DOES 2-10, and CORRECTION OFFICER JARED BEERBAHN's deliberate indifference and

PHELPS AND ASSOCIATES, PS
Attorneys at Law
2903 N. Stout Rd.
Spokane, WA 99206-4373
(509) 892-0467

negligent conduct creating a risk that Plaintiff RICHARD MAYER would be stuck by a hypodermic needle and became infected with a highly infectious disease causing a chronic illness.

5.44   As a result Plaintiff RICHARD MAYER was stuck by a hypodermic needle, causing RICHARD MAYER to contract the Hepatitis C disease, which could have been prevented if CITY OF AIRWAY HEIGHTS, ALBERT TRIPP City Manager of CITY OF AIRWAY HEIGHTS, CORRECTION OFFICER JARED BEERBAHN, JOHN/JANE DOE 1 Employee of CITY OF AIRWAY HEIGHTS, JOHN/JANE DOES 2-10, and WASHINGTON STATE DEPARTMENT OF CORRECTIONS would have provided the proper protective equipment that was requested by RICHARD MAYER.

5.45   As a result of the negligent medical care provided by Defendant SANDRA A. (THOMPSON) CONNER Advanced Registered Nurse Practitioner for AIRWAY HEIGTHS CORRECTIONS CENTER, and JOHN/JANE DOES 2-10, Plaintiff RICHARD MAYER was given a dosage of medication which failed to protect him from Hepatitis C demonstrating a deliberate indifference in the treatment of inmate workers.

## VI. CAUSE OF ACTION FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

Plaintiff re-alleges and incorporates the foregoing paragraphs as if fully set forth herein, paragraph 2.1 to 2.37 as paragraphs 6.1 to 6.37.

6.38   On or about August 24, 2018, at the CITY OF AIRWAY HEIGHTS, in the County Of Spokane, State of Washington, Defendants STATE OF WAHINGTON, WASHINGTON STATE DEPARTMENT OF CORRECTIONS, CITY OF AIRWAY HEIGHTS, ALBERT TRIPP City Manager of CITY OF AIRWAY HEIGHTS, JOHN/JANE DOE 1 Employee of CITY OF AIRWAY HEIGHTS, AIRWAY HEIGHT CORRECTION CENTER,

COMPLAINT FOR DAMAGES
(Mayer v. State of Washington et al..) - Page 17 of 30

SUPERINTENDENT JAMES R. KEY, SANDRA A. (THOMPSON) CONNER Advanced Registered Nurse Practitioner for AIRWAY HEIGTHS CORRECTIONS CENTER, DEBORAH TONHOFER MD, STEVEN HAMMOND Chief Medical Officer for WASHINGTON STATE DEPARMENT OF CORRECTIONS, RUSTY SMITH Head of Medical for AIRWAY HEIGHTS CORRECTIONS CENTER, JOHN/JANE DOES 2-10, and CORRECTION OFFICER JARED BEERBAHN ordered Plaintiff RICHARD MAYER, to pick up hazardous and infectious material and waste without protective equipment causing Plaintiff RICHARD MAYER to suffer intentional infliction of emotional distress by Defendants STATE OF WASHINGTON, WASHINGTON STATE DEPARTMENT OF CORRECTIONS, CITY OF AIRWAY HEIGHTS, ALBERT TRIPP City Manager of CITY OF AIRWAY HEIGHTS, AIRWAY HEIGHT CORRECTION CENTER, SUPERINTENDENT JAMES R. KEY, JOHN/JANE DOE 1 Employee of CITY OF AIRWAY HEIGHTS, and CORRECTION OFFICER JARED BEERBAHN.

6.39   Plaintiff RICHARD MAYER was ordered to pick up hazardous and infectious material and waste in the CITY OF AIRWAY HEIGHTS, ALBERT TRIPP City Manager of CITY OF AIRWAY HEIGHTS, and JOHN/JANE DOE 1 Employee of CITY OF AIRWAY HEIGHTS, while Defendants STATE OF WASHINGTON, WASHINGTON STATE DEPARTMENT OF CORRECTIONS, AIRWAY HEIGHT CORRECTION CENTER, SUPERINTENDENT JAMES R. KEY, JOHN/JANE DOE 1 Employee of CITY OF AIRWAY HEIGHTS, JOHN/JANE DOES 2-10, a ALBERT TRIPP City Manager of CITY OF AIRWAY HEIGHTS, and CORRECTION OFFICER JARED BEERBAHN denied RICHARD MAYER protective equipment to pick up the highly hazardous and infectious medical waste.

6.40   Plaintiff RICHARD MAYER picked up the hazardous and infectious material without protective equipment and without adequate training in proper handling of

PHELPS AND ASSOCIATES, PS
Attorneys at Law
2903 N. Stout Rd.
Spokane, WA 99206-4373
(509) 892-0467

hazardous and infectious materials.

6.41    Plaintiff RICHARD MAYER was stuck with a hypodermic needle while picking up hazardous and infectious materials and waste for the CITY OF AIRWAY HEIGHTS and WASHINGTON STATE DEPARTMENT OF CORRECTIONS.

6.42    Defendants STATE OF WASHINGTON, WASHINGTON STATE DEPARTMENT OF CORRECTIONS, CITY OF AIRWAY HEIGHTS, ALBERT TRIPP City Manager of CITY OF AIRWAY HEIGHTS, AIRWAY HEIGHTS CORRECTION CENTER, SUPERINTENDENT JAMES R. KEY, JOHN/JANE DOE 1 Employee of CITY OF AIRWAY HEIGHTS, SANDRA A. (THOMPSON) CONNER Advanced Registered Nurse Practitioner for AIRWAY HEIGTHS CORRECTIONS CENTER, DEBORAH TONHOFER MD, STEVEN HAMMOND Chief Medical Officer for WASHINGTON STATE DEPARMENT OF CORRECTIONS, RUSTY SMITH Head of Medical for AIRWAY HEIGHTS CORRECTIONS CENTER; and CORRECTION OFFICER JARED BEERBAHN's denial of protective equipment for Plaintiff RICHARD MAYER was negligent and caused Plaintiff RICHARD MAYER emotional distress and injuries.

6.43    That as a result of the actions of Defendants STATE OF WASHINGTON, WASHINGTON STATE DEPARTMENT OF CORRECTIONS, CITY OF AIRWAY HEIGHTS, ALBERT TRIPP City Manager of CITY OF AIRWAY HEIGHTS, AIRWAY HEIGHTS CORRECTION CENTER, SUPERINTENDENT JAMES R. KEY, SANDRA A. (THOMPSON) CONNER Advanced Registered Nurse Practitioner for AIRWAY HEIGTHS CORRECTIONS CENTER, DEBORAH TONHOFER MD, STEVEN HAMMOND Chief Medical Officer for WASHINGTON STATE DEPARMENT OF CORRECTIONS, RUSTY SMITH Head of Medical for AIRWAY HEIGHTS CORRECTIONS CENTER JOHN/JANE DOE 1 Employee of CITY OF AIRWAY HEIGHTS, and CORRECTION OFFICER JARED BEERBAHN,

PHELPS AND ASSOCIATES, PS
Attorneys at Law
2903 N. Stout Rd.
Spokane, WA 99206-4373
(509) 892-0467

Plaintiff RICHARD MAYER suffers injury to his person including a highly infectious disease.

6.44    Defendants STATE OF WASHINGTON, WASHINGTON STATE DEPARTMENT OF CORRECTIONS, CITY OF AIRWAY HEIGHTS, ALBERT TRIPP City Manager of CITY OF AIRWAY HEIGHTS, AIRWAY HEIGHT CORRECTION CENTER, SUPERINTENDENT JAMES R. KEY, SANDRA A. (THOMPSON) CONNER Advanced Registered Nurse Practitioner for AIRWAY HEIGTHS CORRECTIONS CENTER, DEBORAH TONHOFER MD, STEVEN HAMMOND Chief Medical Officer for WASHINGTON STATE DEPARMENT OF CORRECTIONS, RUSTY SMITH Head of Medical for AIRWAY HEIGHTS CORRECTIONS CENTER JOHN/JANE DOE 1 Employee of CITY OF AIRWAY HEIGHTS, and CORRECTION OFFICER JARED BEERBAHN negligently and needlessly inflicted emotional distress upon Plaintiff RICHARD MAYER.

6.45    Defendant STATE OF WASHINGTON, WASHINGTON STATE DEPARTMENT OF CORRECTIONS, SUPERINTENDENT JAME R. KEY, SANDRA A. (THOMPSON) CONNER Advanced Registered Nurse Practitioner for AIRWAY HEIGTHS CORRECTIONS CENTER, DEBORAH TONHOFER MD, STEVEN HAMMOND Chief Medical Officer for WASHINGTON STATE DEPARMENT OF CORRECTIONS, and RUSTY SMITH Head of Medical for AIRWAY HEIGHTS CORRECTIONS CENTER Plaintiff RICHARD MAYER substandard medical care and treatment for chronic illness.

6.46    As a result of Defendants STATE OF WASHINGTON, WASHINGTON STATE DEPARTMENT OF CORRETIONS, AIRWAY HEIGHTS CORRECTION CENTER, SUPERINTENDENT JAMES R. KEY, SANDRA A. (THOMPSON) CONNER Advanced Registered Nurse Practitioner for AIRWAY HEIGTHS CORRECTIONS CENTER, DEBORAH TONHOFER MD, STEVEN HAMMOND Chief Medical Officer for WASHINGTON STATE DEPARMENT

PHELPS AND ASSOCIATES, PS
Attorneys at Law
2903 N. Stout Rd.
Spokane, WA 99206-4373
(509) 892-0467

OF CORRECTIONS, RUSTY SMITH Head of Medical for AIRWAY HEIGHTS CORRECTIONS CENTER, JOHN/JANE DOE 1 Employee of CITY OF AIRWAY HEIGHTS, and CORRECTION OFFICER JARED BEERBAHN actions, Plaintiff RICHARD MAYER was injured, suffered and continues to suffer physical disabilities, physical and psychological pain, and suffering, medical expenses and other out-of-pocket expenses, loss of earnings and earning capacity, and other damages.

## VII. CASUE OF ACTION FOR UNJUST ENRICHMENT

Plaintiff re-alleges and incorporates Paragraph 2.1 to 2.37 as   Paragraphs 7.1 to 7.37.

7.38   Defendants STATE OF WASHINGTON, CITY OF AIRWAY HEIGHTS, and ALBERT TRIPP City Manager of CITY OF AIRWAY HEIGHTS, paid the inmate workers minimal wages even less than the Washington State or Federal minimum wage amounts for performing hazardous work activities.

7.39   That both the STATE OF WASHINGTON, CITY OF AIRWAY HEIGHTS, and ALBERT TRIPP City Manager of CITY OF AIRWAY HEIGHTS, benefit from the low level of compensation and inadequate protective equipment to the inmate workers including RICHARD MAYER.

7.40   As a result of the low level of compensation paid to RICHARD MAYER as an inmate worker both the CITY OF AIRWAY HEIGHTS and ALBERT TRIPP City Manager of CITY OF AIRWAY HEIGHTS here wrongfully benefited from the low level of compensation paid to the inmate workers involved in hazardous work activities and from the failure to provide adequate protective equipment.

7.41   The inmate worker program provides financial benefits to CITY OF AIRWAY HEIGHTS, ALBERT TRIPP City Manager of CITY OF AIRWAY HEIGHTS, and the STATE OF WASHINGTON due to the inmate worker

PHELPS AND ASSOCIATES, PS
Attorneys at Law
2903 N. Stout Rd.
Spokane, WA 99206-4373
(509) 892-0467

being paid below minimum wage and well below prevailing wage to perform need maintenance of public facilities the CITY OF AIRWAY HEIGHTS and STATE OF WASHINGTON were unjustly enriched for inmate labor.

7.42    Further, the inmates wages are subject to withholding of funds to pay for fines and fees from the minimal payments made to RICHARD MAYER as an inmate worker.

7.43    The minimal wage paid to inmate workers are withheld and are used to benefit the State of Washington and the CITY OF AIRWAY HEIGHTS.

7.44    The government agencies are unjustly enriched from the labor of the inmate workers forced to work under dangerous conditions at slave labor wages while not properly equipped for the dangerous labor.

## VI. CAUSE OF ACTION FOR VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS PURSUANT TO THE CONSTITUTION OF THE UNITED STATES AND THE WASHINGTON STATE CONSTITUTION

Plaintiff RICHARD MAYER re-alleges and incorporates paragraphs 2.1 to 2.37 as paragraphs 8.1 to 8.37.

8.38    The Defendants acted with reckless and callous indifference to RICHARD MAYER's rights and failed to prevent injury to RICHARD MAYER which was a violation of his rights pursuant to Article I Section 3, 7, 14, and 35 of the Washington State Constitution and the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States.

8.39    That STATE OF WASHINGTON, WASHINGTON STATE DEPARTMENT OF CORRECTIONS, CITY OF AIRWAY HEIGHTS, ALBERT TRIPP City Manager of CITY OF AIRWAY HEIGHTS, AIRWAY HEIGHTS CORRECTIONS CENTER, SUPERINTENDENT JAMES R. KEY, SANDRA A. (THOMPSON) CONNER Advanced Registered Nurse Practitioner for AIRWAY HEIGTHS CORRECTIONS CENTER, DEBORAH TONHOFER MD, STEVEN HAMMOND Chief Medical Officer for WASHINGTON STATE

PHELPS AND ASSOCIATES, PS
Attorneys at Law
2903 N. Stout Rd.
Spokane, WA 99206-4373
(509) 892-0467

DEPARMENT OF CORRECTIONS, RUSTY SMITH Head of Medical for AIRWAY HEIGHTS CORRECTIONS CENTER, JOHN/JANE DOE 1 Employee of CITY OF AIRWAY HEIGHTS, JOHN/JANE DOES 2-10, and CORRECTION OFFICER JARED BEERBAHN by custom, policy, or practice caused the deprivation of the rights of RICHARD MAYER by endangering his safety by ordering RICHARD MAYER to pick up hazardous and infectious materials and waste while denying him proper safety and protective equipment requried to perform hazardous and infectious labor.

8.40   That as a result of the violations to RICHARD MAYER's Washington State and United States Constitutional Rights, RICHARD MAYER suffered and continues to suffer injury as a result of not being equipped with proper protective equipment for handling hazardous and infectious materials and waste demonstrating deliberate indifference by the Defendant.

8.41   The Plaintiff RICHARD MAYER has a right to life and to maintain health and human integrity which the STATE OF WASHINGTON DEPARTMENT OF CORRECTIONS, CITY OF AIRWAY HEIGHTS, ALBERT TRIPP City Manager of CITY OF AIRWAY HEIGHTS, and SUPERINTENDANT JAMES R. KEY failed to provide to inmate RICHARD MAYER.

8.42   The Plaintiff RICHARD MAYER suffers daily from the symptoms of HCV because of CITY OF AIRWAY HEIGHTS, ALBERT TRIPP City Manager of CITY OF AIRWAY HEIGHTS, STATE OF WASHINGTON, WASHINGTON STATE DEPARTMENT OF CORRECTIONS, AIRWAY HEIGHTS CORRECTION CENTER, SUPERINTENDENT JAMES R. KEY, SANDRA A. (THOMPSON) CONNER Advanced Registered Nurse Practitioner for AIRWAY HEIGTHS CORRECTIONS CENTER, DEBORAH TONHOFER MD, STEVEN HAMMOND Chief Medical Officer for WASHINGTON STATE DEPARMENT OF CORRECTIONS, RUSTY SMITH Head of Medical for AIRWAY HEIGHTS CORRECTIONS CENTER, JOHN/JANE DOE 1 Employee of CITY

PHELPS AND ASSOCIATES, PS
Attorneys at Law
2903 N. Stout Rd.
Spokane, WA 99206-4373
(509) 892-0467

OF AIRWAY HEIGHTS, JOHN/JANE DOES 2-10, and CORRECTION OFFICER JARED BEERBAHN, violations of his civil rights in acting with deliberate indifference to the injuries of inmate workers including RICHARD MAYER.

## IX. CAUSE OF ACTION FOR *MONELL* LIABILITY

Plaintiff re-alleges and incorporates Paragraph 2.1 to 2.37 as Paragraphs 9.1 to 9.37.

9.38    The acts or failures to act of the above individually names defendants, acting under the color of state law, deprived RICHARD MAYER of his right to be free from unreasonable and excessive punishment violation of the Eight Amendment of the United States Constitution, made applicable to the states through the Fourteenth Amendment of the United States Constitution.

9.39    The training policies of Defendants CITY OF AIRWAY HEIGHTS, ALBERT TRIPP City Manager of CITY OF AIRWAY HEIGHTS, STATE OF WASHINGTON, WASHINGTON STATE DEPARTMENT OF CORRECTION, AIRWAY HEIGHTS CORRECTION CENTER, SUPERINTENDENT JAMES R. KEY, SANDRA A. (THOMPSON) CONNER Advanced Registered Nurse Practitioner for AIRWAY HEIGTHS CORRECTIONS CENTER, DEBORAH TONHOFER MD, STEVEN HAMMOND Chief Medical Officer for WASHINGTON STATE DEPARMENT OF CORRECTIONS, RUSTY SMITH Head of Medical for AIRWAY HEIGHTS CORRECTIONS CENTER, CORRECTION OFFICER JARED BEERBAHN, JOHN/JANE DOE 1 Employee of CITY OF AIRWAY HEIGHTS, and JOHN/JANE DOES 2-10 were not adequate to prevent violations of law by its corrections officers or to train its corrections

PHELPS AND ASSOCIATES, PS
Attorneys at Law
2903 N. Stout Rd.
Spokane, WA 99206-4373
(509) 892-0467

officers to handle and supervise inmate workers collecting hazardous and infectious/infectious materials to protect inmate workers.

9.40    Defendants CITY OF AIRWAY HEIGHTS, ALBERT TRIPP City Manager of CITY OF AIRWAY HEIGHTS, STATE OF WASHINGTON, WASHINGTON STATE DEPARTMENT OF CORRECTIONS, AIRWAY HEIGHTS CORRECTION CENTER, SUPERINTENDENT JAMES R. KEY, SANDRA A. (THOMPSON) CONNER Advanced Registered Nurse Practitioner for AIRWAY HEIGTHS CORRECTIONS CENTER, DEBORAH TONHOFER MD, STEVEN HAMMOND Chief Medical Officer for WASHINGTON STATE DEPARMENT OF CORRECTIONS, RUSTY SMITH Head of Medical for AIRWAY HEIGHTS CORRECTIONS CENTER, JOHN/JANE DOE 1 Employee of CITY OF AIRWAY HEIGHTS, JOHN/JANE DOES 2-10, and CORRECTION OFFICER JARED BEERBAHN were deliberately indifferent to the substantial risk that its policies were inadequate to prevent injuries of inmates handling hazardous and infectious/infectious material by its employees and for the known or obvious consequences of its failure to train its corrections officers to handle the usual and recurring situations with which they must deal.

9.41    The failure of Defendants CITY OF AIRWAY HEIGHTS, ALBERT TRIPP City Manager of CITY OF AIRWAY HEIGHTS, STATE OF WASHINGTON, WASHINGTON STATE DEPARTMENT OF CORRECTIONS, AIRWAY HEIGHTS CORRECTION CENTER, SUPERINTENDENT JAMES R. KEY SANDRA A. (THOMPSON) CONNER Advanced Registered Nurse Practitioner for AIRWAY HEIGTHS CORRECTIONS CENTER, DEBORAH TONHOFER MD, STEVEN HAMMOND Chief Medical Officer for WASHINGTON STATE DEPARMENT OF CORRECTIONS, RUSTY SMITH Head of Medical for AIRWAY

PHELPS AND ASSOCIATES, PS
Attorneys at Law
2903 N. Stout Rd.
Spokane, WA 99206-4373
(509) 892-0467

HEIGHTS CORRECTIONS CENTER JOHN/JANE DOE 1 Employee of CITY OF AIRWAY HEIGHTS, JOHN/JANE DOES 2-10, and CORRECTION OFFICER JARED BEERBAHN protect inmates handling hazardous and infectious/infectious materials by its corrections officers and to provide adequate training to its corrections officers caused the deprivation of RICHARD MAYER's rights by STATE OF WASHINGTON, WASHINGTON STATE DEPARTMENT OF CORRECTIONS and CITY OF AIRWAY HEIGHTS ; that is, STATE OF WASHINGTON, WASHINGTON STATE DEPARTMENT OF CORRECTIONS, SUPERINTENDENT JAMES R. KEY, JOHN/JANE DOE 1 Employee of CITY OF AIRWAY HEIGHTS, CITY OF AIRWAY HEIGHTS, SANDRA A. (THOMPSON) CONNER Advanced Registered Nurse Practitioner for AIRWAY HEIGTHS CORRECTIONS CENTER, DEBORAH TONHOFER MD, STEVEN HAMMOND Chief Medical Officer for WASHINGTON STATE DEPARMENT OF CORRECTIONS, RUSTY SMITH Head of Medical for AIRWAY HEIGHTS CORRECTIONS CENTER, and ALBERT TRIPP City Manager of CITY OF AIRWAY HEIGHTS, failures to protect inmates by its officers and failures to train its officers is so closely related to deprivations of RICHARD MAYER's rights in forcing inmates to handle hazardous and infectious/infectious materials by Mr. RICHARD MAYER.

9.42    As a result of the violations of the constitutional standards set forth herein, RICHARD MAYER has contracted a very serious life-threatening disease. Plaintiff RICHARD MAYER, suffered and continues to suffer injury as a result, including but not limited to psychological and emotional injuries. The extent of damages will be fully proven at trial.

9.43    Plaintiff was required to hire attorneys to represent him in this matter and is entitled to an award of reasonable attorneys' fees and costs pursuant to

PHELPS AND ASSOCIATES, PS
Attorneys at Law
2903 N. Stout Rd.
Spokane, WA 99206-4373
(509) 892-0467

42 U.S.C. § 1988.

## X. CAUSE OF ACTION FOR NEGLIGENT MEDICAL CARE AND TREATMENT

Plaintiff re-alleges and incorporates Paragraph 2.1 to 2.37 as Paragraphs 10.1 to 10.37.

10.38  That medical treatment given to RICHARD MAYER was below the standard of care required in treating persons exposed to hazardous medical sticks.

10.39  That medical personnel, SANDRA A. (THOMPSON) CONNER Advanced Registered Nurse Practitioner for AIRWAY HEIGTHS CORRECTIONS CENTER, DEBORAH TONHOFER MD, STEVEN HAMMOND Chief Medical Officer for WASHINGTON STATE DEPARMENT OF CORRECTIONS, and RUSTY SMITH Head of Medical for AIRWAY HEIGHTS CORRECTIONS CENTER prescribed and provided Plaintiff RICHARD MAYER an incorrect dosage of medication to protect from Hepatitis C.

10.40  That a result of the incorrect dosage of a prescription and improper administration of medications including Truvada and Rautegravir Plaintiff RICHARD MAYER has contracted Hepatitis C.

10.41  Plaintiff RICHARD MAYER was forced to utilize the medical care provided by the WASHINGTON STATE DEPARTMENT OF CORRECTIONS which was below the standard of care for patients in the STATE OF WASHINGTON.

## XI. RELIEF SOUGHT

WHEREFORE, the Plaintiff prays for judgment against the Defendants,

PHELPS AND ASSOCIATES, PS
Attorneys at Law
2903 N. Stout Rd.
Spokane, WA 99206-4373
(509) 892-0467

jointly and severally, in an amount that will fairly compensate the Plaintiff for all damages sustained, costs, and reasonable attorneys' fees and costs, interest calculated at the maximum amount allowable by the law, and any other relief the Court deems just, including but not limited to:

11.1 Past and future medical expenses
11.2 Past and future emotional and psychological counseling costs
11.3 Past and future loss of earnings
11.4 Permanent and partial impairment of earnings and earning capacity
11.5 Pain and suffering
11.6 Past and future permanent and partial disability
11.7 Loss of enjoyment of life
11.8 Past and future special damages
11.9 Interest calculated at the maximum amount allowable by law, including prejudgment interest
11.10 Injunctive relief to prevent future actions to protect other inmates similarly situated
11.11 Punitive damages
11.12 Actual or compensatory damages
11.13 Nominal damages
11.14 Attorneys' fees and cost
11.15 Cost and disbursements herein in an amount to be proven at the time of trial
11.16 Such other relief as the Court believes is equitable and just.

PHELPS AND ASSOCIATES, PS
Attorneys at Law
2903 N. Stout Rd.
Spokane, WA 99206-4373
(509) 892-0467

DATED this 18th day of August, 2021.

PHELPS & ASSOCIATES, P.S.

DOUGLAS D. PHELPS, WSBA#22620
2903 N. Stout Road
Spokane, WA 99206
Tel: (509) 892-0467
Fx: (509) 921-0802
phelps@phelpslaw1.com

COMPLAINT FOR DAMAGES
(Mayer v. State of Washington et al..) - Page 29 of 30

# EXHIBIT A



EX A1



Department of
**Corrections**
WASHINGTON STATE

## APPEAL TO LEVEL II
## APELACIÓN AL 2DO NIVEL

| Name:<br>NOMBRE: | Last<br>APELLIDO | First<br>PRIMERO NOMBRE | Middle<br>2DO NOMBRE | DOC Number<br>NUMERO DOC | Facility/FACILIDAD Office | Unit/Cell<br>UNIDAD/CELDA |
|---|---|---|---|---|---|---|
| | Mayer | Richard | A | 846287 | AHCC | C5 D022 |

| PART A – INITIAL GRIEVANCE/PARTE A - QUEJA INICIAL | Date Typed 10/15/2018 | Date Due 11/13/2018 |
|---|---|---|

**I WANT TO APPEAL:** I appeal to make sure the proper changes are implemented throughout the state and to exhaust my administrative remedies.

**SUGGESTED REMEDY:** Same as the remedy suggested in my initial complaint, with an emphasis on implementing the changes statewide.

| /s/ J. Martin | 10/15/2018 | /s/ Richard Mayer | 9/19/18 |
|---|---|---|---|
| Grievance Coordinator Signature<br>FIRMA DE COORDINADOR DE QUEJAS | Date<br>FECHA | Grievant Signature<br>FIRMA DE QUEJANTE | Date<br>FECHA |

---

### PART B –LEVEL II RESPONSE/PARTE B RESPUESTA 2DO NIVEL

Your Level 2 appeal concerning being stuck by a needle on security crew was investigated by Sgt. Baker and you were interviewed to gather the facts surrounding this complaint. Reports show that you were stuck by a needle while picking up a trash bag in the community of Airway Heights. On this day, your crew was completed with the trash detail and had moved on to routine grounds type clean up where a large bag of trash was observed at that location. It was decided that the bag would be removed, as the Officer escorting you did not know a needle was present under the bag of trash. After conducting interviews, reviewing reports, and reviewing the rules/expectations of Offsite Work crews, it has been determined that no misconduct occurred during this incident. Security Crew workers are not expected to pick up dangerous items and are required to advise their supervisors when they encounter such items. You acknowledged this by your signature that you reviewed, understood, and agreed with all the expectations in regards to reporting unsafe working conditions and hazards.

However, because of the seriousness of the potential safety issue in the future, implementations were made immediately as recommended by the Safety Officer. These recommendation include the use of cut proof gloves, hand held grabbers, easily available sharps containers, and proper notification procedures are followed for needles or hazardous materials.

Superintendent, Work Release Supervisor, Field Administrator Signature
SUPERINTENDENTE

Date 11/20/1
FECHA

You may appeal this response by submitting a written appeal to the coordinator within five (5) working days from date this response was received.
Ud. puede apelar esta respuesta al someter una apelación por escrito al coordinador dentro de cinco (5) días de trabajo de la fecha en que esta respuesta fue recibida.

Program Manager-Gerente del Programa de Quejas   Grievance Coordinator-Coordinador de Queja   Grievant-Quejante



Ex A2



**Department of Corrections**
WASHINGTON STATE

**APPEAL TO LEVEL III**
*APELACIÓN AL 3ER NIVEL*

| Name:<br>*Nombre:* | Last<br>*Apellido* | First<br>*Nombre* | Middle<br>*2do Nombre* | DOC Number<br>*Número DOC* | Facility/Office<br>*Institución/Oficina* | Unit/Cell<br>*Unidad/Celda* |
|---|---|---|---|---|---|---|
| | Mayer | Richard | A | 846287 | AHCC | C5-D-22 |

| PART A - APPEAL TO LEVEL III<br>*PARTE A - APELACIÓN 3ᴱᴿ NIVEL* | Date Typed / *Fecha escrita a mano*<br>01/02/19 | Due Date / *Fecha de vencimiento*<br>01/31/19 |
|---|---|---|

**I WANT TO GRIEVE /** *QUIERO QUEJARME DE*: Due to the outcome, and the seriousness of the complaint, I appeal to the next level.

**SUGGESTED REMEDY /** *REMEDIO SUGERIDO*:

| /s/ J. Martin | 01/02/19 | /s/ Richard Mayer | 12/28/18 |
|---|---|---|---|
| Grievance Coordinator Signature<br>*Firma del Coordinador de quejas* | Date<br>*Fecha* | Grievant Signature<br>*Firma del agraviado* | Date<br>*Fecha* |

**PART B - LEVEL III RESPONSE/***PARTE B - RESPUESTA 3ᴱᴿ NIVEL*

I reviewed your initial grievance as well as all appeals and responses.

J. Lewis, Regional Safety Manager, also reviewed this grievance and provided this response:

I reviewed your Level I and II grievance, the investigation, and the responses. I have read your Level III appeal.

• The "trash grabber" tool that is identified in this report is used for the purpose of picking up small individual items of trash. It is not an appropriate tool for picking up large and heavy items such as bags of trash. It is, however, a safe and appropriate tool for picking up individual syringes and other similar items because the tool allows for the hazardous waste to be collected so that the worker has no direct contact with the hazard.

• Picking up a bag of trash is a task that must be done by hand. However, there are safe and unsafe ways of performing this task. The process of sliding your hand under the bag where you could not see or know what hazards might be present is not a safe way to perform this task. The safety orientation for workers includes instructions on how to safely pick up and handle large bags of trash.

• Personal Protective Equipment (PPE) gloves were being used when the incident occurred, however, a follow-up investigation revealed that the type of glove that was available was not adequate for the task. Heavier cut-resistant gloves are now available for use with this task.

Continued on Page 2

Page 1 of 2

| Assistant Secretary/Deputy Director/designee<br>*Subsecretario/designado* | Date<br>*Fecha* |
|---|---|



Department of
**Corrections**
WASHINGTON STATE

**APPEAL TO LEVEL III**
*APELACIÓN AL 3ER NIVEL*

| Name:<br>*Nombre:* | Last<br>*Apellido*<br>Mayer | First<br>*Nombre*<br>Richard | Middle<br>*2do Nombre*<br>A | DOC Number<br>*Número DOC*<br>846287 | Facility/Office<br>*Institución/Oficina*<br>AHCC | Unit/Cell<br>*Unidad/Celda*<br>C5-D-22 |
|---|---|---|---|---|---|---|
| PART A - APPEAL TO LEVEL III<br>*PARTE A - APELACIÓN 3ER NIVEL* | | | Date Typed / *Fecha escrita a mano*<br>01/02/19 | | Due Date / *Fecha de vencimiento*<br>01/31/19 | |

PART B - LEVEL III RESPONSE/*PARTE B - RESPUESTA 3ER NIVEL*

Continued from Page 1

• As a result of the injury you sustained the safety orientation that is provided to workers emphasizes the importance of checking for any and all hazards prior to performing the work. This is important so that hazards are identified and reported ahead of performing each task and so the task can be carried out safely without risk to the worker. The orientation now includes the specific task of how to safely collect and lift trash bags.

• Finally, to help ensure that other facilities that utilize off-site work crews for the purpose of collecting trash, a reminder has been distributed to each prison on the importance of following proper procedures and using the correct personal protective equipment (PPE) when picking up hazardous waste.

Based on the above facts and findings, my conclusion is that this grievance has been fully heard and appropriately answered.

Thank you for identifying your concerns, and for your interest in improving safety for yourself and others.

Page 2 of 2

Assistant Secretary/Deputy Director/designee
*Subsecretario/designado*

Tomas P. Fithian

Date
*Fecha*

# EXHIBIT B

Class IV Work Crew Master Agreement
Between
THE WASHINGTON STATE DEPARTMENT OF CORRECTIONS
And
CITY OF AIRWAY HEIGHTS

This Master Contract Agreement is entered into by and between the State of Washington, Department of Corrections, hereinafter referred to as DOC, and, City of Airway Heights located at 1208 S. Lundstrom St. Airway Heights WA, 99001 hereinafter referred to as the 'RECIPIENT OF THE SERVICES' or 'RECIPIENT'. Legal authority for this Master Contract Agreement is pursuant to RCW 72.09.100 and Chapter 137-80 WAC.

Offenders who provide services under this Agreement reside in a DOC prison and are under the jurisdiction of the Washington State Department of Corrections.

1. PURPOSE

The purpose of this Agreement is to provide the master terms and conditions between the parties for offenders to provide work crew services to the RECIPIENT. To be eligible to receive offender services, the RECIPIENT must be an agency of Washington State government, a local government or federally recognized Indian tribe within Washington State or a public benefit nonprofit as defined by the IRS; a 501(c)(3) Charitable Organization or a 501(c)(4) Social Welfare Organization. No public employees will be displaced as a result of this Agreement.

On January 1, 2016, the terms and conditions contained in this Master Agreement will replace and terminate any previous Work Crew Agreement and Work Project Descriptions between the Parties. For this Master Agreement to be valid it must be signed by the DOC Contracts Administrator or designee on behalf of DOC.

2. WORK PROJECT DESCRIPTIONS

Offender work crew projects are limited to those that can be properly supervised as determined by the Superintendent of the Institution or designee and the RECIPIENT's Contract Manager. Each project is subject to careful review for custody and security requirements. Each distinct project requires a separate Work Project Description that is signed by both parties to this Agreement. [See Attachment A] The Work Project Description will detail the work to be done by offenders, the cost to the RECIPIENT and other specifics of the particular project.

The Institution Superintendent or designee is authorized to sign Work Project Descriptions on behalf of DOC. A Work Project Description may be valid for up to one year but must end prior to or on the same date as this Master Contract Agreement. All services provided under each signed Work Project Description shall be performed pursuant to the terms of this Master Agreement.

3. TERM

The term of this Master Agreement shall begin January 1, 2016 and continue through November 30, 2019, unless terminated sooner as provided for herein.

K11139

4. BILLING and PAYMENT

In consideration of the services provided hereunder, payment to DOC will be as follows:

A. DOC will invoice the RECIPIENT for payment by the 20th of the month following each month in which offender services were provided. Invoices for payment will include all direct and indirect charges payable to DOC by the RECIPIENT that were negotiated between the Parties, except that payment for offender L&I insurance coverage will be paid directly to L&I by the RECIPIENT and will not appear on DOC invoices.

B. Payment by the RECIPIENT, will be due to the DOC address indicated below within 30 calendar days of the date of the invoice. This DOC Master Agreement number and the location of the project for which payment is made must be included with each payment.

C. Workers compensation insurance is required by law for offenders who provide services to the RECIPIENT under the terms of this Agreement. RECIPIENT will:

1) Prior to contract execution, contact its L&I Account Manager to request/authorize the addition of Offender L&I Risk Classification 4908 to the RECIPIENT's L&I Account.

2) Provide DOC with a copy of the Rate Notice received from L&I that confirms the addition of Risk Classification 4908 to the RECIPIENT's L&I Account. DOC advises RECIPIENT to include the L&I Rate Notice when returning this partially executed Agreement to DOC for final signature by DOC.

3) Each quarter, for offender services provided to the RECIPIENT during the previous quarter, report to L&I the total number of offender hours worked and pay the total cost due for workers' compensation coverage directly to L&I for those offender hours.

D. Addresses to use for Billing and Payment.

1) Billing - Invoices for payment will be mailed to the address provided by the RECIPIENT:

RECIPIENT: City of Airway Heights
Attn: Glenn Pike, Parks Maintenance Coordinator
Mailing Address: 1208 S. Lundstrom St.
City, State, Zip Code: Airway Heights, WA, 99001

2) Payment

a. State Agencies Only - will pay using the following statewide vendor number: SWV0003872-01 [IAP Payment - DOC General Account]

b. All Other RECIPIENTS - will send payment to the address provided by the DOC facility from which offender services were provided.

5. TERMINATION

When in its own best interest, either party may terminate this Agreement, in whole or in part, upon 30 days' written notice to the other party, beginning on the second day after mailing such notice. If

this Agreement is so terminated each of the parties shall be liable only in accordance with the terms of this Agreement for services rendered prior to the effective date of termination.

6. SELECTION OF OFFENDERS

The Institution will select the offenders for each work crew. Selection criteria will conform to DOC Policy 700.400, CLASS IV OFF-SITE WORK CREW, DIRECTIVE III, Offender Eligibility, as now written or hereafter revised.

7. HAZARD ASSESSMENT AND MITIGATION

A. In accordance with the DOC Office of Risk Management, work generally considered to be dangerous or hazardous may not be performed by offenders.

B. Before DOC offenders may provide services at any new and distinct project location, the RECIPIENT will assess the location for hazardous conditions and/or materials. (See Attachment B)

C. The RECIPIENT's assessment must be performed in accordance with WAC 296-800-160 and provided to DOC using DOC Form 03-247 or other similar hazard assessment and PPE selection worksheet. The RECIPIENT will inform DOC promptly, in writing, if hazardous conditions or materials are found at the new project site.

D. Once notified, DOC at its own discretion, may a) identify, with the RECIPIENT, the protective equipment or clothing that is needed for offenders and correctional officers to mitigate the effects of the on-site hazard(s); or b) request that the RECIPIENT remove or otherwise mitigate the hazard before offenders perform the contracted work crew services at that site; or c) withdraw from the project.

E. If hazardous conditions or materials are discovered while offenders are working at RECIPIENT's site, then offender work will be suspended immediately and RECIPIENT will make appropriate regulatory notifications and request further assessment.

8. TOOLS, EQUIPMENT AND SUPPLIES

A. In General

1) DOC will provide offenders with basic work attire, such as boots, gloves, goggles and rain gear, that may be needed for any project;

2) If the Parties to this Agreement do not negotiate otherwise, the RECIPIENT will provide any additional tools, equipment and supplies that offenders need to accomplish the Recipient's specific work project. This will include any Personal Protective Equipment (PPE) e.g. bump hats, specialized goggles or gloves, hearing and eye protective devices, etc. and any specialized safety equipment (SSE) necessary to protect offenders and correctional officers from hazards at the project site.

3) The specific tools, equipment and supplies necessary for each project, and the party to the Agreement responsible for providing each item, will be designated in the Work Project Description for that project.

9. TRAINING

    A. The RECIPIENT will train offenders regarding the work to perform as well as any safety requirements specific to the project site and the use of any specialized equipment.

    B. The RECIPIENT will ensure that all safety training is in compliance with all applicable laws and regulations including, but not limited to, Division of Occupational Safety and Health (DOSH) regulations and the Washington Industrial Safety and Health Act (WISHA).

10. PRISON RAPE ELIMINATION ACT (PREA) and SEXUAL MISCONDUCT

    PREA requirements shall apply to any person having contact with offenders under DOC jurisdiction. This includes, but is not limited to, governmental entities, contractors and their employees; Recipients of offender work crew services, vendors and their employees, student interns and volunteers, hereinafter referred to collectively as 'contractor'. Contractors may obtain electronic access to the documents cited below in Section 1, Authorities, from the DOC website.

    A. Authorities

        In the performance of services under this Contract, Contractors shall comply with all federal and state laws and DOC policies regarding sexual misconduct including, but not limited to:

        Federal Law:
- Prison Rape Elimination Act of 2003 (PREA);

        State Law, Washington:
- RCW 72.09.225, Sexual misconduct by state employees, contractors;
- RCW 9A.44.010, Definitions;
- RCW 9A.44.160 Custodial sexual misconduct in the first degree;
- RCW 9A.44.170, Custodial sexual misconduct in the second degree;

        DOC Policy:
- DOC 490.800, Prison Rape Elimination Act (PREA) Prevention and Reporting;
- DOC 490.820, Prison Rape Elimination Act (PREA) Risk Assessments and Assignments;
- DOC 490.850, Prison Rape Elimination Act (PREA) Response;
- DOC 490.860, Prison Rape Elimination Act (PREA) Investigation; and
- DOC 610.025, Medical Management of Offenders in Cases of Alleged Sexual Abuse or Assault.

    B. Contractor Requirements include, but are not limited to:

        1. Zero tolerance toward all forms of sexual abuse and sexual harassment;

        2. Familiarization and compliance with PREA law, relevant Washington State laws and DOC policies regarding PREA and sexual misconduct;

        3. Ensuring that anyone who may have contact with DOC offenders complete DOC PREA/Sexual Misconduct training and comply with all PREA standards.

4. All personnel under this contract, with access to DOC offenders, must certify that they have not:

   - Engaged in sexual misconduct in a prison, jail, lockup, community confinement facility, juvenile facility, or other institution as defined in 42 U.S.C. 1997;
   - Been convicted of engaging or attempting to engage in sexual activity in the community facilitated by force, overt or implied threats of force, or coercion, or if the victim did not consent or was unable to consent or refuse; or
   - Been civilly or administratively adjudicated to have engaged in the activity described above.

5. Providing sexual misconduct disclosure forms to DOC (DOC Form #03-502), completed by each person providing services, retaining a copy of the same in each individual personnel record.

6. Submitting to a criminal background check, performed by DOC, at least once every five years.

7. Compliance with the affirmative duty to report personnel with any conviction or adjudication of a violation of any of the offenses listed in #4, above.

C. Investigations. DOC will investigate any allegation of the contractor's failure to comply with DOC PREA policies or the PREA standards.

D. Consequences of a Contractor's failure to conform with DOC PREA policies include, but are not limited to:

1. Contractor removal from proximity to offenders;
2. Contractor removal from contract work at DOC;
3. Contract termination.

## 11. CONTRACT MANAGEMENT

The contract manager(s) for each of the Parties shall be responsible for and shall be the contact person(s) for all communications regarding the performance of this Agreement. Either party may, with written notice to the other, designate different contact persons.

RECIPIENT: Glenn Pike, Parks Maintenance Coordinator, (509) 244-4001, gpike@cawh.org

DOC: Michael Klemke, Correctional Program Manager, (509) 244-6817, michael.klemke@doc.wa.gov

## 12. SUPERVISION

A. The Work: RECIPIENT will supervise the work performed by offenders and maintain daily oversight of the project until completed. RECIPIENT will provide adequate worksite instruction and direction to all offenders, to ensure safe work performance and proper project outcome.

B. <u>Security and Custody:</u> A first aid qualified Correctional Officer will supervise offenders at all times. Such DOC supervision shall only be for the security and custody of the offenders and the safety of the public at large.

Correctional Officers may not supervise the work performed by offenders or be responsible for project outcomes.

C. <u>On-Site Illness/Accidents:</u> In the event of offender illness or injury, DOC will provide the appropriate first aid. If necessary, emergency medical assistance will be called, or the offender will be transported to the nearest medical facility for treatment.

   1) <u>Expenses:</u>

      a) <u>Illness.</u> DOC will pay all expenses related to treatment of offender illness.

      b) <u>Injury.</u> The cost of treatment provided to offenders beyond first aid for any and all work related injuries will be paid in accordance with Title 51 RCW.

      c) The RECIPIENT's L&I account number, 211,198-00 , will be the account number used by offenders, DOC and medical providers when reporting offender work related injury.

## 13. PUBLIC INFORMATION

Neither party shall arrange for news media coverage without the consent of the other party, nor shall either party release information to the news media without the consent of the other party.

## 14. WORK PRODUCT and PERFORMANCE

A. Washington State and DOC, including its agents and/or employees:

   1) Are not responsible for, and do not guarantee, the quality of the work performed or products produced by offenders on work crews;

   2) Shall not be required to pay other workers to re-do or repair the work performed by the offenders; and

   3) Are not responsible for damages to third parties resulting from the work performed or products produced by offenders on work crews.

## 15. INDEMNIFICATION

A. RECIPIENT, its agents, and/or employees:

   1) Are responsible for any damages resulting from the negligence of the RECIPIENT, its agents, and/or employees; and

   2) Do indemnify, defend, and hold harmless DOC for claims arising from the negligent acts or omissions of the RECIPIENT, its agents, and/or employees.

B. DOC, its agents, and/or employees:

   1) Are responsible for damages that arise out of DOC, its agents, and/or employees' negligent security supervision of offenders.

C. In accordance with the laws of the state of Washington and to the extent permitted by law, if both parties to this Agreement are negligent and jointly liable, each party will assume responsibility for its own negligent acts or omissions.

## 16. TRANSPORTATION

The DOC Facility has sole responsibility to transport offenders to and from the work project site.

## 17. DISPUTES

Should the parties hereto be unable to informally resolve any dispute concerning the terms of this Agreement, the dispute will be settled in binding arbitration by an arbitrator chosen by consent of both parties.

## 18. INSURANCE

RECIPIENT will provide DOC with proof of current general liability insurance coverage when signing and returning this Agreement for final signature by DOC. RECIPIENT must maintain its policy of general liability insurance throughout the term of this Agreement and provide renewed proof of such coverage to DOC annually with each new Work Project Description.

RECIPIENT'S liability insurance coverage must have a limit of not less than $1,000,000 per each occurrence with an aggregate limit of at least $2,000,000.

## 19. PUBLIC BENEFIT NON-PROFIT

In order to utilize offender work crew services, RECIPIENTS that are non-profits, must be public benefit non-profits, as defined by the federal Internal Revenue Service (IRS). Those that are public benefit non-profits must provide proof to DOC of official IRS designation as a (501(c)(3) Charitable Organization or a (501(c)(4) Social Welfare Organization.

The RECIPIENT must provide DOC with proof of its IRS public benefit non-profit designation, with this partially signed Agreement when returning this partially signed Agreement to DOC Contracts and Legal Affairs for the final signature by DOC.

## 20. CHANGES AND MODIFICATIONS

Changes or modifications to this Agreement shall not be binding unless agreed to in writing by the parties hereto prior to such change or modification. Only the DOC Secretary or designee has the authority to alter, amend, modify, or waive any clause or condition of this Agreement for DOC.

## 21. WAIVER

Waiver of any breach or default on any occasion shall not be deemed to be a waiver of any subsequent breach or default. Any waiver shall not be construed to be a modification of the terms and conditions of this Agreement.

## 22. SEVERABILITY

If any term or condition of this Agreement is held invalid by any court, such invalidity shall not affect the validity of the other terms and conditions of this Agreement.

## 23. INTEGRATION

This Agreement contains all the terms and conditions agreed upon by the parties. No understandings or otherwise regarding the subject matter of this Agreement shall be deemed to exist or to bind either of the parties hereto. As used herein, reference to the Agreement shall include this Master Agreement, fully executed amendments to this Agreement, and any Work Project Descriptions executed and attached hereto.

THIS Agreement, consisting of eight (8) pages and one (1) attachment, is executed by the persons signing below who warrant that they have the authority to execute the Agreement.

CITY OF AIRWAY HEIGHTS

_Albert Tripp_
(Signature)

_Albert Tripp_
(Printed Name)

_City Manager_
(Title)

_2-17-16_
(Date)

DEPARTMENT OF CORRECTIONS

_(signature)_
(Signature)

Gary Banning
(Printed Name)

Contracts Administrator
(Title)

_2/19/16_
(Date)

Approval on file.
This contract format was approved
by the Office of the Attorney General.

Approved as to Form:
By Tim Lang, Sr. Assistant Attorney General
December 8, 2015

# EXHIBIT C



Ex C1

---

| DATE (m/d/yy) | TIME (24-hr) | FACILITY | UNIT | ALLERGIES |
|---|---|---|---|---|
| 12/26/18 | 1130 | AHCC | MSU | |

☐ Risks/benefits of recommended intervention explained; patient consents

PLAN / RX (Dx required for medication orders)

Kites feeling ill

(sideways, left margin) 846287 Mayer Richard 3/22/1984

(note) noted Joyce Nuxoll, RN2 12/26/18 1500

PLAN / RX column:
1) Lab — will f/u 12-28 Jul
   7-10d
   - CBC ——— PT/INR
   - CMP
   - A1C
   - TSH = ref
   - UA complete with micro
   - LFTs

12/27 edited labs

2) Appt c̄ Sandra
   p̄ labs
   Complete — Dors?

3) Please ✓ ortho
   static B/p pulse
   within 2 days

---

| DATE (m/d/yy) | TIME (24-hr) | FACILITY | UNIT | ALLERGIES |
|---|---|---|---|---|
| 12/27/18 | 0835 | AHCC | MSU | NKA |

☐ Risks/benefits of recommended intervention explained; patient consents

PLAN / RX (Dx required for medication orders)

S was diagnosed with Hep C after dirty
needle poke on Nov 13. Around
Nov 27th he noticed he was nauseous,
bad sugar dark urine), lack of
appetites, not on any meds.
In Aug he weighed 194#, now
weighs 174#. Has not tried to lose
wt, no vomiting or diarrhea.
O VS wt 174 - Temp 98.4 - O₂ sats 99%,
① BP 135/75 - P 60.
① BP 135/89 - P 64
① BP 143/94    P 73.
Lungs clear. Heart rate reg. Hyper-
active BT's. Abd flat, soft + nontender
No edema. Doesn't feel dizzy. Will
talk to S Thompson for orders.
J Nuxoll RN2

(left margin, vertical) HAYER, RICHARD   846287   03/22/1984

State law (RCW 70.02) and/or federal regulations (42 CFR Part 2) prohibit disclosure of this information without the specific written consent of the person to whom it pertains, or as otherwise permitted by law.



Department of Corrections

DOC 410.430   DOC 420.250   DOC 420.312   DOC 490.850
DOC 610.010   DOC 610.025   DOC 610.040   DOC 610.600
DOC 610.650   DOC 630.520   DOC 670.020

**PRIMARY ENCOUNTER REPORT**

DOC 13-435 (11/20/2014)



Ex C2
Copy

**Department of Corrections**
WASHINGTON STATE

**OFFENDER COMPLAINT**

CHECK ONE: ☑ Initial ☐ Emergency ☐ Appeal ☐ Rewrite

RESIDENTIAL FACILITIES; Send completed form to the Grievance Coordinator. Explain what happened, when, where, and who was involved or which policy/procedure is being grieved. Be as brief as possible, but include the necessary facts. Use only one complaint form. A formal grievance begins on the date the typed grievance forms are signed by the Coordinator. Contact a Department employee to report an emergency situation or to initiate an emergency complaint. Please attempt to resolve all complaints through the appropriate Department employee(s) before pursuing a grievance.

NOTE: Complaints must be filed within 20 working days of the incident. Appeals must be filed within 5 working days of receiving the response. Include log ID # on rewrite or response being appealed.

| Last Name | First | Middle | DOC Number | Facility/Office | Unit/Cell |
|---|---|---|---|---|---|
| Mayer | Richard | Alexander | 846284 | WSU ABCC | BG5-D-2 |

COMMUNITY SUPERVISION: Send completed copies of this form directly to Grievance Program Manager, Offender Grievance Program, Department of Corrections, P.O. Box 41129, Olympia WA 98504-1129.

| MAILING ADDRESS STREET OR P.O. BOX | CITY, STATE | ZIP CODE | TELEPHONE |
|---|---|---|---|
| | | | |

COMPLAINT: ON August 24 I WAS Stuck by A HyPoDemic Needle, I WAS Put on A 30 DAY supply of TRUVADA & RAltegRAVir 400m HIV preventative medication. I went thrN 30 DAYS of Being sick with Sore Bones & muscles Aches And upset stomach Due to the side effe
ON Oct 3 I was called INTO medical by MRS. ZINA Blanch
She says to me " I Dont have to Tell you this But I thi
you should know, you were given the wrong Dose of me
ication, I should of only Been on the Pills for 15 Days
& Pill A DAY, Not 30 DAYS one Pill A DAY. Mrs. Blanchell
Medication will now not Be effective & that there is s
A Really Low chance of contracted HiV Because I was
given the wrong DOSE of medication?

SUGGESTED REMEDY: given the wrong DOSE of medication?
All Medical Staff
Be on the Same page

Mandatory [signature] 10-18-19

Signature        Date

| GRIEVANCE COORDINATOR'S RESPONSE | Facility/Office | Date Received |
|---|---|---|
| Your complaint is being returned because: | | |
| ☐ It is not a grievable issue. | ☐ The complaint was resolved informally. | |
| ☐ You requested to withdraw the complaint. | ☐ Additional information and/or rewriting needed. (See below.) | |
| ☐ You failed to respond to callout (sheet) on _____ | Return within 5 working days or by: _____ | |
| ☐ Administratively Withdrawn _____ | ☐ No rewrite received _____ | |
| ☐ The formal grievance/appeal paperwork is being prepared. | ☐ Sent to _____ (facility) on _____ (date). | |
| ☐ Not accepted | | |

EXPLANATION:

| Coordinator's Name (print) | Coordinator's Signature | Date |
|---|---|---|
| | | |

DOC 05-165 Front (Rev. 07/25/16)

DOC 310.100, DOC 550.100




Ex C3

CHECK ONE: ☑ Initial ☐ Emergency ☐ Appeal ☐ Rewrite

RESIDENTIAL FACILITIES: Send completed form to the Grievance Coordinator. Explain what happened, when, where, and who was involved of which policy/procedure is being grieved. Be as brief as possible, but include the necessary facts. Use only one complaint form. A formal grievance begins on the date the typed grievance forms are signed by the Coordinator. Contact a Department employee to report an emergency situation or to initiate an emergency complaint. Please attempt to resolve all complaints through the appropriate Department employee(s) before pursuing a grievance.

NOTE: Complaints must be filed within 20 working days of the incident. Appeals must be filed within 5 working days of receiving the response. Include log ID # on rewrite or response being appealed.

| Last Name | First | Middle | DOC Number | Facility/Office | Unit/Cell |
|---|---|---|---|---|---|
| Mayer | Richard | Alexander | 846284 | MSU AHCC | E-G5-D-2 |

COMMUNITY SUPERVISION: Send completed copies of this form directly to Grievance Program Manager, Offender Grievance Program, Department of Corrections, P.O. Box 41120 Olympia WA 98504-1120

| MAILING ADDRESS: STREET OR P.O. BOX | CITY/STATE | ZIP CODE | TELEPHONE |
|---|---|---|---|
| | | | |

COMPLAINT: ON August 24 I was stuck by a H/po Dermic Needle I was put on a 30 Day supply of TRuvada e RanTegRaViR Room HiV preventatie Medication. I went throw 30 Days of being sick with Sore Bones & muscles Aches and upset stomach Due to the side effe ON Oct 3 I was called INTo medical by MRS. ZiNA Blain She says to me " I Dont Have To Tell you this But I th you should know, you were given the wRong Dose of m ication, I should of onty Been on the pills for 15 Days Pills A Day, Not 30 Days one pill A Day. NS. Blancher Medication Due to the mix up on the Dosage that the prot A Really Low chance of contracted HiV Became I was

SUGGESTED REMEDY: given the wRong Dose of medication

All Medical staff Be on the same page.

| Mandatory | Signature | Date |
|---|---|---|
| | [signature] | 10-18-19 |

---

GRIEVANCE COORDINATOR'S RESPONSE

Your complaint is being returned because:
☐ It is not a grievable issue.
☐ You requested to withdraw the complaint.
☐ You failed to respond to callout (sheet) on _____
☐ Administratively Withdrawn
☐ The formal grievance/appeal paperwork is being prepared.
☐ Not accepted

| Facility/Office | Date Received |
|---|---|
| | |

☐ The complaint was resolved informally.
☐ Additional information and/or rewriting needed. (See below.)
   Return within 5 working days or by: _____
☐ No rewrite received _____
☐ Sent to _____ (facility) on _____ (date).

EXPLANATION:

| Coordinator's Name (print) | Coordinator's Signature | Date |
|---|---|---|
| | | |

DOC 05-165 Front (Rev. 07/25/16)

DOC 310.100, DOC 550.100





Department of
**Corrections**
WASHINGTON STATE

.OG I.D. NUMBER
18666464

**APPEAL TO LEVEL II**
**APELACIÓN AL 2DO NIVEL**

| NOMBRE: | Last APELLIDO | First PRIMERO NOMBRE | Middle 2DO NOMBRE | DOC Number NUMERO DOC | Facility/FACILIDAD Office | Unit/Cell UNIDAD/CELDA |
|---|---|---|---|---|---|---|
| Name: | Mayer | Richard | A | 846287 | AHCC | C-5/D-022 |
| | | | | Date Typed 2/11/19 | | Date Due 3/12/19 |

**PART A – INITIAL GRIEVANCE/PARTE A - QUEJA INICIAL**

**I WANT TO APPEAL:** I was stuck by a dirty hypodermic needle, its nice to hear my level of risk is considered negligible, meaning so small or unimportant to be safely disregarded. Whether I had a 1% chance or a 99% chance the fact is I was exposed to a infectious disease and should have been treated with the right dose of medication.

**SUGGESTED REMEDY:**

| /s/ J. Martin | 2/11/19 | /s/ Richard Mayer | 2/11/19 |
|---|---|---|---|
| Grievance Coordinator Signature FIRMA DE COORDINADOR DE QUEJAS | Date FECHA | Grievant Signature FIRMA DE QUEJANTE | Date FECHA |

**PART B –LEVEL II RESPONSE/PARTE B RESPUESTA 2DO NIVEL**

Your Level 2 appeal was investigated by HSM McIntyre and you were interviewed to gather the facts surrounding this complaint. A review of your records and a consultation with staff revealed that you were prescribed Raltegravir on a once per day basis, although the preferred frequency was twice per day. A nurse involved in the ordering process has acknowledged prompting the once per day frequency, and her supervisor has requested a revision and update of a document, which may have contributed to the misunderstanding. It is understood that you experienced side effects from the prescribed medication and ask you to consider that if you had received it twice per day, which would have meant twice as much, your side effects may have worsened. At any rate I am glad to learn that you turned out to be negative for the disease for which the medication was prescribed.

It is my understanding that some of the wording in the Level 1 grievance response offended you. In addition to Mr. McIntyre's reported apology, I too want you to know that it was not anyone's intent to minimize the significance of your situation by using the term "negligible" to describe the risk of HIV disease transmission. Something like "at very low risk from a needle stick" is what was intended to be conveyed. I also understand that you did test positive for another contagious illness, and that a plan is in process for you to receive the curative treatment following your pending releas I wish you a full recovery and a successful re-entry into the community. I also want to thank you for bringing your concern to our attention--your suggested remedies (getting medical staff "on the same page" and getting yourself treatment) appear to be under way.

K Hendrich
Superintendent, Work Release Supervisor, Field Administrator Signature
SUPERINTENDENTE

3.7.19
Date
FECHA

You may appeal this response by submitting a written appeal to the coordinator within five (5) working days from date this response was receive Ud. puede apelar esta respuesta al someter una apelación por escrito al coordinador dentro de cinco (5) días de trabajo de la fecha en que esta respuesta fue recibida.

Ex C5

HAYER, RICHARD    016281  03/22/1984

DATE (mm/dd/yy): 8/24/18   TIME (24-hr): 1305 (continued)   FACILITY: AHCC   NKDA

☐ Risks/benefits of recommended intervention explained; patient consents

PLAN / RX (Dx required for medication orders. Allergies required for new medication orders)

(All previous Per)
Pt seen by nursing staff at MSU prior to arrival area to main medical. Pt stated to TPR that he washed his hands immediately and nursing staff cleaned (R) index finger once he arrived to medical. Ø bleeding noted Ø discoloration noted to site at this time. Will follow up c̄ Pt when results arrive. Pt states he understands everything discussed and will will follow medication regimen till complete.

Above & previous reviewed. Agree & have nothing to add.
E. HERBST, LPN#/IPN

4) Emtricitabine/Tenofovir DP FUM 200 - 300 mg Tab take 1 tablet by mouth every day x 28 days (PEP)

5) Raltegravir 400 mg/tab take 1 tablet by mouth every day x 28 days (PEP)

S. Thompson, ARNP    8/24/18

---

DATE (mm/dd/yy): 8/24/18   TIME (24-hr): 1230   FACILITY: AHCC MSU   Late Entry

☐ Risks/benefits of recommended intervention explained; patient consents

PLAN / RX (Dx required for medication orders. Allergies required for new medication orders)

Pt brought to MSU clinic from off site work crew. Has dirty needlestick from picking up litter along road side. The CO brought a dirty TB syringe - needle in empty water bottle. States it was the needle he got stuck with. Gave pt surgical scrub soap so he could clear finger at sink. He washed finger. No bleeding at site. Talked to Eileen Herst LPN IPN & he was sent to main to be seen by S Thompson, Lab & Eileen Herbst.
Joyce Nuxoll, RN2

State law (RCW 70.02) and/or federal regulations (42 CFR Part 2) prohibit disclosure of this information without the specific written consent of the person to whom it pertains, or as otherwise permitted by law.



Department of Corrections WASHINGTON STATE

DOC 320.255   DOC 410.430   DOC 420.250   DOC 420.255
DOC 420.312   DOC 490.850   DOC 610.010   DOC 610.025
DOC 610.040   DOC 610.600   DOC 610.650   DOC 670.020

**PRIMARY ENCOUNTER REPORT**

DOC 13-435 (01/06/2017)

Ex C6

| DATE (mm/dd/yy) | TIME (24-hr) | FACILITY |
|---|---|---|
| 8/24/18 | 1245 | AHCC |

☐ Risks/benefits of recommended intervention explained; patient consents

PLAN / RX (Dx required for medication orders. Allergies required for new medication orders)

Offender has no documented mto
regarding tetinus. Was stuck with
a dirty needle while offsite doing
roadside clean up.

VORB S. Thompson done
Tdap NOW

S. Thompson, ARNP
8/24/18

MAYER, RICHARD
846287    03/22/1983

---

| DATE (mm/dd/yy) | TIME (24-hr) | FACILITY | |
|---|---|---|---|
| 8/24/18 | 1305 | AHCC | NKDA |

☐ Risks/benefits of recommended intervention explained; patient consents

PLAN / RX (Dx required for medication orders. Allergies required for new medication orders)

Patient recieved needlestick to Ⓛ fingertip
area of index finger while out @ work
crew cleaning up roadside picking trash
up and was stuck by a needle @
source person. Discussed c̄ patient
risk of exposure low. Education provided
patient verbalizes understanding. Pt
aware of testing ordered and consents.
Anti HBs Ⓝ ⎫
HBs Ag Ⓝ ⎬ 12/1/17 last lab
Anti HcⒸ ⎪
Anti HcV Ⓝ ⎭
HIV Ⓝ
Medications (PEP) discussed Pt aware of
Risks + benefits Ⓝ Concern at this time.
Provider also ordered augmentin
(see next page)

CBC, CMP
HIV, Anti HCV
today, 11/2018, 2/2019
Tetanus IM x

Start today PEP
1) Truvada take 1 tablet
daily x 3 days by mouth
KoP Start 8/24/18  End 8/27/18
2) Dolutegravir 50mg/tab
take 1 tablet by mouth
daily x 3 days KoP
Start 8/24/18 End 8/27/18
3) Augmentin 875-125mg Tab
1 tablet by mouth every 12 hours
until gone
KoP
8/24/18
S. Thompson, ARNP

MAYER, RICHARD
846287    03/22/1983

State law (RCW 70.02) and/or federal regulations (42 CFR Part 2) prohibit disclosure of this information without the specific written consent of the person to whom it pertains, or as otherwise permitted by law.


Department of Corrections
Washington State

| | | | | PRIMARY ENCOUNTER REPORT |
|---|---|---|---|---|
| DOC 320.255 | DOC 410.430 | DOC 420.250 | DOC 420.255 | |
| DOC 420.312 | DOC 490.850 | DOC 610.010 | DOC 610.025 | |
| DOC 610.040 | DOC 610.600 | DOC 610.650 | DOC 670.020 | DOC 13-435 (01/06/2017) |

# EXHIBIT D



**LOG I.D. NUMBER**
18662700

**OFFENDER COMPLAINT**

CHECK ONE: ☐ Initial  ☐ Emergency  ☒ Appeal  ☐ Rewrite

**RESIDENTIAL FACILITIES:** Send completed form to the Grievance Coordinator. Explain what happened, when, where, and who was involved or which policy/procedure is being grieved. Be as brief as possible, but include the necessary facts. Use only one complaint form. A formal grievance begins on the date the typed grievance forms are signed by the Coordinator. Contact a Department employee to report an emergency situation or to initiate an emergency complaint. Please attempt to resolve all complaints through the appropriate Department employee(s) before pursuing a grievance.

**NOTE:** Complaints must be filed within 20 working days of the incident. Appeals must be filed within 5 working days of receiving the response. Include log ID # on rewrite or response being appealed.

| Last Name | First | Middle | DOC Number | Facility/Office | Unit/Cell |
|---|---|---|---|---|---|
| Mayer | Richard | Alexander | 846287 | AHCC | C5-D-2-2 |

**COMMUNITY SUPERVISION:** Send completed copies of this form directly to Grievance Program Manager, Offender Grievance Program, Department of Corrections, P.O. Box 41129, Olympia WA 98504-1129.

| MAILING ADDRESS - STREET OR P.O. BOX | CITY, STATE | ZIP CODE | TELEPHONE |
|---|---|---|---|
| | | | |

**COMPLAINT:** Sgt. Baker Conducted An Investigation Surrounding the fact that I was Stuck By A Hypodermic Needle while Working on An Security Crew. At the Interview I explained I was Directed To Pick uP An Area Littered with And Amongst the TRASH There were Hypodermic Needles visible. Not only Did I See the Hypodermic Needles the Escorting officer, Two other Inmates and the Lady Working for Airway Heights Parks & Rec Seen the Hypodermic Needles as well. The Escorting officer Advised us To Be Careful Due to the fact that there Are visible Hypodermic Needles mixed IN with the TRASH. Airway Heights Parks & Rec Did not Supply Me with cut Proof Gloves And or Hand Held Grabbers. I was expected To Pick uP Hazardous materials Due to the fact the Escorting officer was Aware of the Hypodermic needles that were visible And Scatter About. Sgt Baker Put IN His Report "A LArge TRASH BAG was observed And it was Decided that BAG would Be Removed." it was not Just A LArge TRASH BAG The Area looked Like A Homeless Camp. Due to this Incident I

**SUGGESTED REMEDY:** I tested Positive on November 13 for HePititis C. with Sgt Baker Being Sgt. for the Security crew I Believe there is A Conflict of Interest & I Didn't Receive A fair Investigation.

Mandatory Signature: Mayer
Date: 11/28/18

---

**GRIEVANCE COORDINATOR'S RESPONSE**

Your complaint is being returned because:

☐ It is not a grievable issue.
☐ You requested to withdraw the complaint.
☐ You failed to respond to callout (sheet) on _____.
☐ Administratively Withdrawn _____.
☐ The formal grievance/appeal paperwork is being prepared.
☐ Not accepted

| Facility/Office | Date Received |
|---|---|
| AHCC MSU | 12-6-18 |

☐ The complaint was resolved informally.
☒ Additional information and/or rewriting needed. (See below.)
Return within 5 working days or by: 12-20-18
☐ No rewrite received _____.
☐ Sent to _____ (facility) on _____ (date).

**EXPLANATION:** This appeal includes new information and you also submitted 2 new initial complaints that would be part of the appeal to 18662700. Please write 1 simple straight forward complaint/Appeal for 18662700.

| Coordinator's Name (print) | Coordinator's Signature | Date |
|---|---|---|
| M. Jackson | M. Jackson | 12-12-18 |

DOC 05-165 Front (Rev. 07/26/16)  DOC 310.100, DOC 550.100



**INTERPATH**
LABORATORY

(800) 700-6891
BEND (541) 385-1837
BOISE (208) 375-2350
PENDLETON (541) 276-4730
SEATTLE (206) 623-3814

| Patient Name: MAYER, RICHARD | Accession: 8-65833 | Client: AIRWAY HEIGHTS CORRECTIONS-MSU |
|---|---|---|
| DOB: Mar 22, 1984 34y M | Request: AAI1252 | Collected: Aug 24, 2010 13:33 PST |
| Dr: SANDRA THOMPSON | ID: 546287 | Accessioned: Aug 25, 2018 00:13 PST |
| Mail stop: I-WEB | SSN: | Completed: Aug 27, 2018 06:20 PST |
|  |  | Hrs Fast: N/G |

**THIS IS A COMPLETED REPORT**

## COMPREHENSIVE METABOLIC PANEL

MAYER, RICHARD  8-65833

| TEST | VALUE | REF. RANGE | UNITS | LC | TEST | VALUE | REF. RANGE | UNITS | LC |
|---|---|---|---|---|---|---|---|---|---|
| SODIUM | 140 | 132-143 | meq/L | AA | CARBON DIOXIDE | 27 | 19-31 | meq/L | AA |
| POTASSIUM | 4.2 | 3.5-5.1 | meq/L | AA | ANION GAP | 16.2 | 7-21 |  | AA |
| CHLORIDE | 101 | 95-112 | meq/L | AA |  |  |  |  |  |
| GLUCOSE | 110 H | 70-100 | mg/dL | AA | GFR ESTIMATION | 71 |  | ml/min | AA |
| UREA NITROGEN | 18 | 6-23 | mg/dL | AA | BUN/CREAT.RATIO | 15.4 | 6.0-29.6 |  | AA |
| CREATININE, SERUM | 1.17 | 0.60-1.35 | mg/dL | AA | CALCIUM | 9.7 | 8.5-10.3 | mg/dL | AA |
| AST(SGOT) | 36 | 13-39 | U/L | AA | PROTEIN | 7.6 | 6.0-8.3 | g/dL | AA |
| ALT(SGPT) | 32 | 7-52 | U/L | AA | ALBUMIN | 4.8 | 3.5-5.0 | g/dl | AA |
| ALKALINE PHOS | 92 | 31-120 | U/L | AA | GLOBULIN | 2.8 | 1.8-3.5 | g/dl | AA |
| BILIRUBIN, TOTAL | 0.7 | 0.0-1.2 | mg/dL | AA | A/G RATIO | 1.7 | 1.1-2.4 |  | AA |

```
ESTIMATED GFR Reference Range:
GFR = Less than 60: Chronic Kidney Disease, if found over a 3 month period.
GFR = Less than 15: Kidney Failure.
For African Americans, multiply the calculated GFR by 1.21.
GFR calculation is not valid for patients under age 18 years.
For patients over age 70 please interpret results with caution as results have not been
validated for this calculation method

Please Note:Total Protein Reference range change as of 5/21/2018.
Please Note: Calcium reference range change as of 7/19/2018.
```

## ANTI-HCV

MAYER, RICHARD  8-65833

| TEST | VALUE | REF. RANGE | UNITS | LC | TEST | VALUE | REF. RANGE | UNITS | LC |
|---|---|---|---|---|---|---|---|---|---|
| ANTI-HCV | NEGATIVE | negative |  | AA |  |  |  |  |  |

```
ANTI-HCV INTERPRETIVE NOTES:
NEGATIVE: NO SEROLOGIC EVIDENCE OF CURRENT OR PAST HEPATITIS C VIRUS INFECTION.

POSITIVE: IF ANTI-HCV POSITIVE IS A TRUE POSITIVE, THIS IS CONSISTENT WITH CURRENT OR
PAST HEPATITIS C VIRUS INFECTION.  AT LEAST 70% OF THESE PATIENTS ARE OR WILL BECOME
CHRONIC CARRIERS OF HEPATITIS C, WITH RISK OF CHRONIC ACTIVE HEPATITIS, CIRRHOSIS, AND/OR
HEPATOMA.  ANTI-HCV IS NOT PROTECTIVE.  PATIENTS POSITIVE FOR ANTI-HCV SHOULD BE
CONSIDERED INFECTIVE FOR HEPATITIS C.  TEST FOR HCV RNA TO IDENTIFY CURRENT INFECTION.

Biotin in specimens taken from patients on high-dose biotin therapy or supplements may
interfere with this test and cause inaccurate test results. It is recommended that for
patients receiving therapy with high biotin doses (> 5 mg/day), no laboratory test
specimen should be collected until at least 8 hours after the last biotin administration.
```

## HIV 1+2 Ab/Ag

MAYER, RICHARD  8-65833

| TEST | VALUE | REF. RANGE | UNITS | LC | TEST | VALUE | REF. RANGE | UNITS | LC |
|---|---|---|---|---|---|---|---|---|---|
| HIV 1+2 Ab/Ag | NON-REACTIVE | non-reactive |  | AA |  |  |  |  |  |

## CBC w/ANC

MAYER, RICHARD  8-65833

| TEST | VALUE | REF. RANGE | UNITS | LC | TEST | VALUE | REF. RANGE | UNITS | LC |
|---|---|---|---|---|---|---|---|---|---|
| WBC | 5.9 | 4.5-11.0 | K/ul | AA | MCV | 89.1 | 81-99 | fl | AA |
| RBC | 5.32 | 4.3-5.7 | M/ul | AA | RDW | 13.0 | 10.5-15.0 | % | AA |
| HEMOGLOBIN | 16.1 | 13.5-18.0 | g/dl | AA | MCH | 30 | 27-33 | pg | AA |
| HEMATOCRIT | 47.4 | 41-50 | % | AA | MCHC | 34 | 30-36 | g/dl | AA |
| PLATELET COUNT | 178 | 140-440 | K/ul | AA |  |  |  |  |  |
| NEUTROPHILS | 60.7 | 39-80 | % | AA | EOSINOPHILS | 0.7 | 0-6 | % | AA |
| BANDS | 0 | 0-7 | % | AA | BASOPHILS | 1.0 | 0-2 | % | AA |
| LYMPHOCYTES | 25 | 24-44 | % | AA | OTHER | 0 | 0 | % | AA |
| MONOCYTES | 11.1 | 0-12 | % | AA |  |  |  |  |  |
| NEUT, ABSOLUTE | 3.58 | 2.0-6.9 | K/ul | AA | EOS, ABSOLUTE | 0.04 | 0.0-0.7 | K/ul | AA |
| BAND, ABSOLUTE | 0.00 | 0.0-0.6 | K/ul | AA | BASO, ABSOLUTE | 0.06 | 0.0-0.2 | K/ul | AA |
| LYMPH, ABSOLUTE | 1.56 | 0.6-3.4 | K/ul | AA | OTHER, ABSOLUTE | 0.00 | 0.0 |  | AA |
| MONO, ABSOLUTE | 0.65 | 0.0-1.1 | K/ul | AA |  |  |  |  |  |

```
LABORATORY TESTING WORK CENTER CODES
AA
IP PENDLETON 1
2460 SW Perkins Ave
PO BOX 1208
```

S. Thompson, ARNP
9/18/18

# EXHIBIT E



LOG I.D. NUMBER
18662700

Department of
Corrections
WASHINGTON STATE

COPY

OFFENDER COMPLAINT

CHECK ONE: ☑ Initial   ☐ Emergency   ☐ Appeal   ☐ Rewrite

**RESIDENTIAL FACILITIES:** Send completed form to the Grievance Coordinator. Explain what happened, when, where, and who was involved or which policy/procedure is being grieved. Be as brief as possible, but include the necessary facts. Use only one complaint form. A formal grievance begins on the date the typed grievance form is signed by the Coordinator. Contact a Department employee to report an emergency situation or to initiate an emergency complaint. Please attempt to resolve all complaints through the appropriate Department employee(s) before pursuing a grievance.

**NOTE:** Complaints must be filed within 20 working days of the incident. Appeals must be filed within 5 working days of receiving the response. Include log ID # on rewrite or response being appealed.

| Last Name | First | Middle | DOC Number | Facility/Office | Unit/Cell |
|---|---|---|---|---|---|
| Mayer | Richard | Alexander | 846287 | AHCC MSU | D-2-2 |

**COMMUNITY SUPERVISION:** Send completed copies of this form directly to Grievance Program Manager, Offender Grievance Program, Department of Corrections, P.O. Box 41129, Olympia WA 98504-1129.

| MAILING ADDRESS - STREET OR P.O. BOX | CITY, STATE | ZIP CODE | TELEPHONE |
|---|---|---|---|
| | | | |

**COMPLAINT:** On 8-24-18 while working along the road picking up found cigarettes on cleaning myself along with two other inmates we were at a dumpsite littered with Hypodermic needles As careful as I was, I was to be "very careful" by C/O Beerbohm by a very dirty Hypodermick needle I immediately Reported the incident to C/O Beerbohm we put the needle in a water bottle I rushed into AHCC MSU medical. After talking with the nurse and she explained how serious the situation was I broke down I was [?] emotional, the nurse gave me if I am okay [?] Answer. Brought to AHCC M.S.U. where I was Bussed was drawn, I was given Lesser the risk of getting HIV I have to take for the next 28 days they [?] Aiv again in 30 days [?] 60 days then again in 6 months. I am scared to Death I might have contracted something. But will not know for 6 months. until

**SUGGESTED REMEDY:** Proper training with Hazardous material with Gloves. As soon as Hazardous material (Hypodermic) are found & puncture Proof should Be pulled from Job and a certified person with Hazardous material training with Puncture Proof Gloves should Be called to Mandatory

Signature: Richard Mayer    Date: 8-26-18

| GRIEVANCE COORDINATOR'S RESPONSE |  | Facility/Office AHCC MSU | Date Received 8-27-18 |
|---|---|---|---|
| Your complaint is being returned because:  Finish the Job | | ☑ The complaint was resolved informally. | |
| ☐ It is not a grievable issue. | | ☐ Additional information and/or rewriting needed. (See below.) | |
| ☐ You requested to withdraw the complaint. | | Return within 5 working days or by: ____ | |
| ☐ You failed to respond to callout (sheet) on ____ | | ☐ No rewrite received | |
| ☐ Administratively Withdrawn ____ | | ☐ Sent to ____ (facility) on ____ (date). | |
| ☐ The formal grievance/appeal paperwork is being prepared. | | | |
| ☐ Not accepted | | | |

**EXPLANATION:** Per our conversation this issue has been resolved.

| Coordinator's Name (print) M. Jackson | Coordinator's Signature | Date 8-31-18 |
|---|---|---|

DOC 05-165 Front (Rev. 07/23/16)          DOC 310.100, 1.., 550.100

STATE OF WASHINGTON          )
                                            : ss
County of Spokane              )

RICHARD MAYER, being first duly sworn on oath, deposes and states:

I am the named Plaintiff herein; I have read the foregoing Complaint for Damages, I know the contents thereof, and I believe the same to be true and correct.

_____
RICHARD MAYER

SUBSCRIBED AND SWORN TO before me this 2-8 day of April, 2021.

_____

AMANDA SMITH
NOTARY PUBLIC #208165
STATE OF WASHINGTON
COMMISSION EXPIRES
JUNE 19, 2023

NOTARY PUBLIC for the State of Washington
Residing at Spokane, WA
My Commission expires: 6 / 9 / 23

PHELPS AND ASSOCIATES, PS
Attorneys at Law
2903 N. Stout Rd.
Spokane, WA 99206-4373
(509) 892-0467
Email: phelps@phelpslawl.com