FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 03, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RICHARD MAYER,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF WASHINGTON; WASHINGTON STATE DEPARTMENT OF CORRECTIONS; AIRWAY HEIGHTS CORRECTIONS CENTER; JARED BEERBAHN, Correction Officer; JAMES R. KEY, Superintendent; SANDRA A. (THOMPSON) CONNER, Advanced Registered Nurse Practitioner of Airway Heights Corrections Center; DEBORAH TONHOFER, MD; STEVEN HAMMOND, Chief Medical Officer for Washington State Department of Corrections; RUSTY SMITH, Head of Medical for Airway Heights Corrections Center; ALBERT TRIPP, City Manager of City of Airway Heights; CITY OF | No. 2:21-CV-00269-SAB<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT** |

**ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT** *1

| | |
|---|---|
| AIRWAY HEIGHTS; JOHN/JANE DOE 1, Employee of City of Airway Heights; and JOHN/JANE DOES 2–10,<br><br>        Defendants. | |

Before the Court are Defendant Albert Tripp's Motion to Dismiss, ECF No. 14; the City Defendants'[1] Motion for Summary Judgment, ECF No. 17, and Motion to Strike, ECF No. 42; and the State Defendants'[2] Motion for Summary Judgment, ECF No. 37. The motions were considered without oral argument. Plaintiff Richard Mayer is represented by Douglas Phelps. The City Defendants are represented by Megan Clark. The State Defendants are represented by Katie Merrill, Taylor Hennessey, and Katherine McNulty.

The Court has reviewed the parties' submissions and applicable caselaw. For the reasons discussed below, the parties' respective Motions for Summary Judgment are granted in part. The Motion to Strike and Motion to Dismiss are denied.

### I.    Motion to Strike

With the Court's leave, Mr. Mayer filed a Supplemental Brief in opposition to the City Defendants' Motion for Summary Judgment, ECF No. 41. The City Defendants move to strike statements in the Supplemental Brief pursuant to the sham affidavit rule. Specifically, they move to strike four assertions that they

---

[1] The City Defendants include Defendants Albert Tripp and the City of Airway Heights.

[2] The State Defendants include Defendants Airway Heights Corrections Center, Jared Beerbahn, Sandra A. (Thompson) Conner, Steven Hammond, James R Key, Rusty Smith, the State of Washington, Deborah Tonhofer, and the Washington State Department of Corrections.

**ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT *2**

allege are not supported by Mr. Mayer's affidavit or deposition testimony. Mr. Mayer did not file a response.

Under the "sham affidavit rule," a party cannot create an issue of fact with an affidavit that contradicts prior statements the party made under oath. *Yeager v. Bowlin*, 693 F.3d 1076, 1079–80 (9th Cir. 2012); *see Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 980 (9th Cir. 2006). The rule applies to "clear and unambiguous" contradictions that cannot be resolved with "a reasonable explanation." *Yeager*, 693 F.3d at 1080–81 (citing *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806–07 (1999)). However, the rule "should be applied with caution because it is in tension with the principle that the court is not to make credibility determinations when granting or denying summary judgment." *Id.* at 1080.

The Court declines to invoke the sham affidavit rule. While Mr. Mayer's factual characterizations are slightly different in his Supplemental Brief and affidavit, any testimonial contradictions are ambiguous. *Yeager*, 693 F.3d at 1080–81. In this instance, striking the affidavit would tread too close to making a credibility determination on summary judgment. *Id.* at 1080. Accordingly, the motion is denied.

## II. Motions for Summary Judgment

The City and State Defendants move for summary judgment under Federal Rule of Civil Procedure 56. The Court concludes Defendants are entitled to judgment as a matter of law on Plaintiff's federal claims.

A. <u>Facts</u>

On February 17, 2016, the City Manager of the City of Airway Heights, Albert Tripp, signed a Work Crew Master Agreement ("Master Agreement") with the Washington State Department of Corrections ("DOC"). The Master Agreement provides master terms and conditions between the parties for offenders to provide work crew services to the City. Pursuant to the Master Agreement, DOC selects

**ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT *3**

offenders for each work crew and provides offenders with "basic work attire, such as boots, gloves, goggles and rain gear that may be needed for any project." ECF No. 19 at 7, ¶ 8. The "Project Description" for the Master Agreement further states that "DOC will supply the offenders with the appropriate personal protective equipment as needed for each project." *Id.* at 14. However, the Master Agreement also provides that the City will train offenders, supervise the work performed by offenders, and provide adequate worksite instruction and direction.

Plaintiff Richard Mayer is a former inmate at the Airway Heights Correction Center. On August 24, 2018, Mr. Mayer was on a DOC work crew picking up trash. He was supervised by DOC Officer Jared Beerbohm and an employee from the City. While working at a second location that day, a couple of garbage bags were observed by the City employee, and Officer Beerbohm directed Mr. Mayer and another inmate to pick up the trash. When Mr. Mayer went to lift the bag, he was stuck by a hypodermic needle in his left pointer finger. He was wearing personal protective equipment ("PPE") during the incident, but the needle penetrated through his gloves.

Mr. Mayer notified Officer Beerbohm, and Mr. Mayer was immediately transported and provided emergency medical treatment, including prophylactic medications Truvada and Rautegravir. On October 3, 2018, Mr. Mayer was informed that he was given the wrong dosage of Truvada and Rautegravir, and therefore, the medication would not be effective in treating him. On November 28, 2018, Mr. Mayer tested positive for hepatitis C.

On August 24, 2018, the DOC submitted a Workers' Compensation Claim on behalf of Mr. Mayer with the Washington State Department of Labor and Industries ("L&I"). *See* ECF No. 29-1. The form was signed by Mr. Mayer. On September 20, 2018, L&I approved Mr. Mayer's claim and request for benefits, stating he was entitled to "preventative treatment and testing for potential exposure" to HIV and hepatitis under the industrial insurance laws through

**ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT *4**

September 23, 2019. ECF No. 20 at 10. Two letters from L&I were transmitted to Mr. Mayer's address on September 20 and 21, 2018, along with his inmate number, stating his benefits were approved. ECF No. 20 at 9–10. Mr. Mayer claims he was unaware of any workers' compensation benefits or any other claim on his behalf. The City was listed as Mr. Mayer's employer for purposes of the Workers' Compensation Claim, as the City remitted payments to L&I in 2018 for this purpose.

B. <u>Legal Standard</u>

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

In addition to showing there are no questions of material fact, the moving party must also show it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993). When considering a motion for summary judgment, a court may neither weigh the evidence nor assess

**ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT *5**

credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

C. <u>Discussion</u>

The City and State Defendants move for summary judgment, respectively, on Mr. Mayer's 42 U.S.C. § 1983 claims. Mr. Mayer alleges Defendants violated his rights under the Fourth, Eighth, and Fourteenth Amendments to the U.S. Constitution. Mr. Mayer only opposes summary judgment on his Eighth Amendment claims, and thus, the remaining § 1983 claims are dismissed. In this case, the Court finds there is no genuine dispute of any material fact, and Defendants are entitled to summary judgment on Mr. Mayer's Eighth Amendment claims.

*1. City Defendants*

Mr. Mayer contends the City Defendants violated his Eighth Amendment rights by: (1) a City employee's failure to terminate work after finding hazardous conditions at the work site; (2) the City Defendants' failure to provide puncture-proof gloves; and (3) the City Defendants' failure to train.

A municipal defendant can be liable under the Eighth Amendment where cruel and unusual punishment derives from a municipal policy or custom. *Los Angeles Cnty. v. Humphries*, 562 U.S. 29, 36 (2010) (citing *Monell*, 436 U.S. at 691, 694); *Starr*, 652 F.3d at 1205–06. "In order to set forth a claim against a municipality under 42 U.S.C. § 1983, a plaintiff must show that the defendant's employees or agents acted through an official custom, pattern or policy that permits deliberate indifference to, or violates, the plaintiff's civil rights; or that the entity ratified the unlawful conduct." *Shearer v. Tacoma Sch. Dist. No. 10*, 942 F. Supp. 2d 1120, 1135 (W.D. Wash. 2013) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978)). Thus, Mr. Mayer must prove: (1) he had a constitutional right of which he was deprived; (2) the City had a policy; (3) the

**ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT *6**

policy amounts to a deliberate indifference to his constitutional right; and (4) the policy is the moving force behind the violation. *See Gordon v. County of Orange*, 6 F.4th 961, 973 (9th Cir. 2021).

Absent a formal governmental policy, a plaintiff must show a "longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) (quoting *Gillette v. Delmore*, 979 F.2d 1342, 1346–47 (9th Cir. 1992)). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Id.*; *see also Meehan v. Cty. of Los Angeles*, 856 F.2d 102, 107 (9th Cir. 1988) (finding two incidents insufficient to establish custom).

First, Mr. Mayer contends his Eighth Amendment rights were violated when an unidentified City employee failed to suspend work after she was notified of the presence of hypodermic needles. Construing the evidence in favor of Mr. Mayer, the evidence shows that a City employee was present on August 24, 2018, and requested that Officer Beerbohm direct Mr. Mayer and another inmate to pick up trash. However, no evidence indicates the City official was alerted to, or knew of, hypodermic needles or other hazardous materials at the work site. Mr. Mayer also did not name the City employee in this action, and the City Defendants cannot be held liable solely because the City employed an alleged tortfeasor. *Humphries*, 562 U.S. at 36. Mr. Mayer also has not alleged that Mr. Tripp had direct, supervisory authority over the employee and failed to act. For these reasons, Mr. Mayer's first argument fails.

Second, Mr. Mayer argues the City Defendants are liable for failing to provide adequate PPE, *i.e.*, puncture-proof gloves, while Mr. Mayer was cleaning up trash. The foundation for this claim is that the City Defendants maintain a contractual obligation under the Master Agreement to provide PPE, and the City

**ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT *7**

Defendants did not provide satisfactory PPE. Assuming for the sake of argument that the City Defendants failed to provide sufficient PPE to the DOC or Mr. Mayer, it is evident the failure to provide PPE was an "isolated" incident and not founded upon practices of "sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino*, 99 F.3d at 918.

The parties acknowledge that Mr. Mayer and other inmates had PPE while picking up trash at an earlier site in the day. Mr. Mayer has not shown a "longstanding practice or custom" of the City whereby it regularly deprives inmates of adequate PPE for work crews. Viewing the evidence in favor of Mr. Mayer, Mr. Mayer has not shown a "standard operating procedure" that amounts to the City Defendants engaging in a deliberate indifference to his constitutional rights. *Id.*

Third, Mr. Mayer argues that the City Defendants failed to provide him "the necessary [safety] training" for trash cleanup. ECF No. 41 at 5. Mr. Mayer claims he did not undergo DOC training and merely signed documents attesting he did so. Mr. Mayer's contentions do not demonstrate that the City established a policy, practice, or custom to not train inmates on safety procedures or that the City Defendants were otherwise deliberately indifferent to his constitutional rights. Mr. Mayer has not put forth an express policy, custom, or practice of the City that relates to the training of DOC inmates. The record indicates DOC provides such training for work crews. Accepting Mr. Mayer's allegations as true, any failure to train Mr. Mayer in this instance was an isolated incident and was not a traditional method of carrying out a policy. *See Trevino*, 99 F.3d at 918. Therefore, summary judgment is granted.

### 2. State Defendants

The State Defendants are also entitled to summary judgment. Mr. Mayer argues the State Defendants violated the Eighth Amendment by deliberate indifference to his constitutional rights. Specifically, Mr. Mayer submits that (1)

**ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT *8**

the State Defendants violated his rights by failing to provide him with puncture-proof gloves while cleaning up trash, and (2) Officer Beerbohm acted with deliberate indifference to Mr. Mayer's safety when he ordered him to pick up the trash, because Officer Beerbohm was aware that there were needles near or in the trash.

To establish an Eighth Amendment violation based on deliberate indifference, a prisoner "must satisfy both the objective and subjective components of a two-part test." *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted). First, there must be a demonstration that the prison official deprived the prisoner of the "minimal civilized measure of life's necessities." *Id.* (citation omitted). Second, a prisoner must demonstrate that the prison official "acted with deliberate indifference in doing so." *Id.* (citation and internal quotation marks omitted). A corrections officer acts with deliberate indifference only if they were aware of a risk to the inmate's health or safety and they disregarded an excessive risk to inmate health and safety. *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). The corrections officer must "be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists." *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1970)).

Mr. Mayer has not shown that Officer Beerbohm, or any of the State Defendants, acted with deliberate indifference to Mr. Mayer's health or safety. There are no facts in the record to indicate Officer Beerbohm knew there were needles in the trash he ordered Mr. Mayer to pick up. Even if there were facts to show some knowledge of the presence of needles, it was not deliberate indifference for Officer Beerbohm to assume that the gloves already provided to Mr. Mayer offset any risk. Construing the facts in the light most favorable to Mr. Mayer, Officer Beerbohm's failure to provide adequate gloves to protect from the hypodermic needle is, at most, negligence, not deliberate indifference to Mr.

**ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT *9**

Mayer's constitutional rights. Mr. Mayer has not met the second element of his Eighth Amendment claim. Consequently, summary judgment is granted.

Having disposed of the federal claims in this action, the Court declines to retain supplemental jurisdiction over the remaining state-law claims. *See* 28 U.S.C. § 1367(c)(3). Therefore, the case is remanded to state court for further proceedings.

Accordingly, **IT IS HEREBY ORDERED**:

1. The City Defendants' Motion for Summary Judgment, ECF No. 17, is **GRANTED, in part**.

2. The State Defendants' Motion for Summary Judgment, ECF No. 37, is **GRANTED, in part**.

3. The City Defendants' Motion to Strike, ECF No. 42, is **DENIED**.

4. Defendant Albert Tripp's Motion to Dismiss, ECF No. 14, is **DISMISSED as moot**.

5. Plaintiff's Motion in Limine, EF No. 51, is **DISMISSED as moot**.

6. The above-captioned case is **REMANDED** to Spokane County Superior Court.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order, provide copies to counsel, and **CLOSE** the file.

**DATED** this 3rd day of November 2022.



Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT** *10